346 So.2d 809 (1977)
John E. THIBAUT et al.,
v.
David D. THIBAUT et al.
No. 11283.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
Triche & Sternfels, Dan J. Nail, Napoleonville, James D. Rives, Jr., New Orleans, for plaintiffs-appellants.
Felix H. Savoie, Jr., Napoleonville, Monroe & Lemann, Benjamin R. Slater, Jr., Michael R. O'Keefe, III, Henican, James & Cleveland, Carl W. Cleveland & Joseph P. Hensigan, New Orleans, Stanwood R. Duval, Jr., Houma, Crawford, Lambert & Goldsmith, Gordon R. Crawford, Gonzales, for defendant-appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
*810 COVINGTON, Judge.
This is an appeal from a judgment maintaining an exception of improper venue insofar as the plaintiffs' suit seeks to partition separate non-contiguous tracts of immovable property located in parishes other than the Parish of Assumption; as to immovable property located in other parishes and not contiguous to any property located within the Parish of Assumption, the suit was dismissed. We reverse and remand for further proceedings.
RIGHT TO APPEAL
In considering the appellant's right to appeal the judgment sustaining the exception of venue, we find that this judgment is an interlocutory judgment under LSA-C.C.P. art. 1841, since it does not determine the merits but determines only a preliminary matter, venue, in the course of the action.
It is only an interlocutory judgment causing "irreparable injury" which is appealable. See LSA-C.C.P. art. 2083, and Comments thereunder. The effect of the judgment in this partition action is to require the plaintiffs to assert their rights in three separate parishes, require three separate trials of materially similar facts, and require three separate judicial sales without a right to sell the properties in globo.
It is clear that, in the present action, if a final judgment rendered by the trial court were to come before an appellate court for review, the appellate court in its decree could not restore the parties, without loss of rights under the pleadings, to the identical position which they respectively occupied before the interlocutory judgment complained of was rendered.
We find, consequently, that this is an interlocutory judgment causing irreparable injury to the plaintiffs herein. Therefore, we hold that the instant judgment, partially dismissing the plaintiffs' partition action, is an appealable judgment. This holding is consistent with the underlying policy of limiting appeals to final judgments and interlocutory judgments causing irreparable injury, a policy based on (1) preventing dilatory misuse of the appeal process, and (2) preventing fragmentary adjudication by sporadic review.
This appeal can in no way be considered a dilatory misuse of the appellate process since it actually moves the entire proceedings toward an earlier adjudication by allowing one trial on the merits rather than three separate trials in three separate parishes. Instead of permitting a fragmentary adjudication by sporadic review, this appeal tends to place the action in a posture where one appeal from a final judgment can adjudicate all of the partition rights of the parties.
VENUE
This suit involves the question of the proper venue for a partition proceeding involving non-contiguous tracts of immovable property located in the Parishes of Assumption, Ascension and St. James. The contest is between co-owners of undivided interests in the several tracts of land. The property consists of Woodlawn Plantation, Glenwood Plantation and B & D Plantation, situated in Assumption Parish; Minnie Plantation situated in St. James Parish; and Mon Desire Plantation, Peytavin Plantation and Chatam Plantations, situated in Ascension Parish, or portions of said plantations. The co-owners acquired the property from Thibaut Farms, a partnership, on January 1, 1967, and from Kate Rice Thibaut by acts of donation on December 19, 1971. The property is owned by the following co-owners in the proportions listed by their names:

James Henry Thibaut 135/900
Thomas A. Thibaut 135/900
Dr. David D. Thibaut 135/900
Mercedes Thibaut Smith 135/900
Kate Rice Thibaut 80/900
Jane Thibaut Boyce 70/900
Margaret Thibaut Owens Watson 70/900
Mary Thibaut Rives 70/900
John E. Thibaut 70/900

The plaintiffs are: John E. Thibaut, individually and as administrator of the estates of his minor children, Pierre Lastrapes Thibaut and Steven Thomas Thibaut; Joseph Wilbert Thibaut; John Bronier Thibaut;
*811 Kate Rice Thibaut; James Louis Owens, Jr.; Katherine Louise Owens; Jane Thibaut Boyce; John Clark Boyce and Jerry Thibaut Boyce; James Harvey Boyce, Jr., as administrator of the estates of his minor children, Jane Paige Boyce, James Harvey Boyce, III, and Jennifer Linton Boyce; Mary Thibaut Rives; Frank Williams Rives; James D. Rives, Jr., as administrator of the estate of minor child, Bronier Thibaut Rives; Katherine Jane Rives; and James Davidson Rives, III. They brought suit in Assumption Parish against: Dr. David D. Thibaut; James Henry Thibaut; Margaret Thibaut Owens Watson, individually and as natural tutrix of her minor children, Michael Thibaut Owens and Sarah Helena Owens. Thomas A. Thibaut; and Mercedes Thibaut Smith, to partition by licitation the seven plantations in the three different parishes. These seven plantations are non-contiguous and are not located on a common boundary of any of the parishes mentioned.
The defendants-appellees filed an exception to the venue, asserting that the suit to partition lands located in Ascension, St. James and Assumption Parishes must be brought in each parish in order to affect the particular property located in that parish. Their position is that Article 80 of the Code of Civil Procedure applies only to the situation covered in Article 1291 of the Civil Code, and that a single action for partition can not be filed in one parish, in this case Assumption Parish, to affect immovable property located in the other parishes.
The plaintiffs-appellants urge that the trial court erred in dismissing their action as to lands not located in Assumption Parish because some of the immovable property is in fact located in Assumption Parish, which is all that is required by LSA-C.C.P. art. 80.
LSA-C.C.P. art. 80 states:
"The following actions shall be brought in the parish where the immovable property is situated:
(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, except as otherwise provided in Articles 72 and 2633; and
(2) An action to partition immovable property, except as otherwise provided in Articles 81, 82, and 83.
"If the immovable property, consisting of one or more tracts, is situated in more than one parish, the action may be brought in any of these parishes."
In commenting on Article 80 of the Code of Civil Procedure, Moss, Venue (Comment), 21 La.L.Rev. 182, 190 (1960), remarks:
"However, a simplification is made in that if the property consists of one or more tracts, situated in more than one parish, the action may be brought in any of these parishes, the intention being to simplify the procedure and permit one suit rather than several to be brought."
The Comments under Article 80 read in part:
"(a) The last paragraph of this article changes the law by broadening the rule of Art. 1291 of the Civil Code, so as to permit one court to adjudicate all issues, even though separate tracts situated in different parishes are involved."
We find the trial court erred in its interpretation of Article 80. According to Article 80, a partition proceeding must be brought in the parish where the immovable property is situated; however, if there is property in more than one parish, venue lies in any of the parishes in which the property is located. The article in no way limits the broadened venue to the situation where "there is one continuous tract of land situated partly in different parishes." See LSA-C.C. art. 1291. The Comment makes this clear. Contiguity is not a prerequisite to partitioning separate tracts of land located in several parishes in any one of the site parishes. Where there are three separate tracts of land situated in three different parishes, as in the instant case, it is not necessary that partition proceedings be brought in each of the three parishes in which the immovable property is located. The plaintiff may choose any one of the three parishes as the place to bring the *812 action. We find that the concluding paragraph of Article 80 is clear and unambiguous. Under no concept which we can think of could it be interpreted to be confined to the situation where separate tracts which are contiguous are sought to be partitioned, as contended by the defendants-appellees and as held by the trial court.
As we view the matter, it would have been simple for the redactors of the Code of Civil Procedure and the legislature to have used the term "continuous", or "contiguous" in qualifying "tracts" if they so intended. We feel that to restrict the broadened venue to only the contiguous-tracts situation would be contrary to the clear meaning of the article. When an article of the procedural code, as any law, is clear and unambiguous, "its letter is not to be disregarded under the pretext of pursuing its spirit." LSA-C.C.P. art. 5052; LSA-C.C. art. 13; See Reeves v. Police Jury of St. Tammany Parish, 29 So.2d 511 (La.App. 1 Cir. 1947). In the instant case, it is doubtful that even the "spirit of the law" would dictate such a limiting construction of the partition venue article, since such construction necessarily would require a multiplicity of lawsuits.
A further argument in favor of the appellant's position is that the concluding paragraph of Article 80 of the Code of Civil Procedure applies to both paragraphs (1) and (2) of Article 80. While we have been unable to find any court decision interpreting paragraph (2), we have been referred to the case of Polmar v. Spencer, 256 So.2d 766 (La.App. 1 Cir. 1971), writ ref. 260 La. 1133, 258 So.2d 380 (1972), which was an action brought in Terrebonne Parish, against a corporate defendant and an individual defendant who was an Orleans Parish domiciliary, in solido, as a mixed action involving a demand to annual transfers of interest in immovable property and also to recover the fruits and revenues derived from the property. The court held in Polmer that the mandatory venue, under LSA-C.C.P. art 80(1), was either Terrebonne Parish or Lafourche Parish, the two parishes in which immovable property was located, and venue was not improper by reason of the fact that the individual defendant was domiciled in Orleans Parish. We find the rationale of Polmer persuasive.
DECREE
For the foregoing reasons, we hold that an action to partition immovable property, brought by a co-owner against other co-owners, where the immovable property consists of one or more tracts situated in more than one parish, may be brought in any parish in which the immovable property is situated, irrespective of whether the tracts are continuous or contiguous. In the instant case, either Ascension Parish, St. James Parish or Assumption Parish was a place of proper venue.
We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion. The costs of this appeal are cast against the defendants-appellees; the assessment of all further costs shall await final disposition of the suit.
REVERSED AND REMANDED.

On Application For Rehearing.
Rehearing refused.
LOTTINGER, Judge, dissenting.
This matter should have been handled on writs, but for the sake of judicial economy, the matter should have been decided as it was.