350 So.2d 922 (1977)
Larry M. CRANDALL
v.
Glenn C. SCOTT, Individually and as Administrator of the Estate of Bruce Scott, Two "R" Drilling Company, the Travelers Insurance Company and State Farm Mutual Insurance Company.
No. 8333.
Court of Appeal of Louisiana, Fourth Circuit.
September 8, 1977.
*923 Sidney D. Torres, III, George N. Bischof, Jr., Chalmette, for plaintiff-appellant.
Perrin C. Butler, New Orleans, for defendant-appellant, Glenn C. Scott.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, James L. Selman, II, New Orleans, for defendants-appellees, Two "R" Drilling Co. and The Travelers Ins. Co.
Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., New Orleans, for defendant-appellee, State Farm Mut. Ins. Co.
Before LEMMON, GULOTTA and BEER, JJ.
GULOTTA, Judge.
This litigation arises out of an accident in which plaintiff was injured when his automobile was struck by a vehicle driven by defendant Glenn C. Scott's 16-year-old son Bruce. The unlicensed minor[1] was driving a company-owned automobile furnished to the father by the father's employer, Two "R" Drilling Company. The accident occurred *924 while his parents were on vacation away from home. Suit was filed against 1) the father individually and as administrator of his minor son; 2) the son, by amended petition, after he had reached the age of majority; 3) the father's employer; 4) the employer's automobile liability insurer, Travelers Insurance Company, and, 5) the father's automobile liability insurer, State Farm Mutual Automobile Insurance Company.
Judgment was rendered in favor of plaintiff against Glenn C. Scott, the father, individually and as administrator of the estate of his minor son. The claims against the employer, its insurer and the father's insurer were dismissed.
Though it is undisputed that the negligence of the minor was the sole cause of the accident, on appeal plaintiff seeks judgment additionally against the employer and the two insurers by virtue of the coverages provided by the policies. Plaintiff further complains that the trial judge erred in his failure to award judgment against the minor who has attained the age of majority and has been made a party defendant. Additionally, plaintiff seeks an increase in the $14,122.46 award.[2] In this respect, plaintiff claims the trial judge erred in failing to award damages for loss of future earning capacity.
Defendant Glenn C. Scott also appeals and, on the liability question, asserts errors of the trial judge similar to those assigned by plaintiff. On the quantum question, however, this defendant complains that the award is excessive.

LIABILITY
I. Employer's Liability Insurer  The Travelers Insurance Company.
The insurance policy covering the vehicle owned by Two "R" Drilling Company and driven by the minor at the time of the accident, in pertinent part, provides:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage C. bodily injury or
Coverage D. property damage . . ."
The policy further defines "Persons Insured" as follows:
"II. Persons Insured
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured;

(b) any partner or executive officer thereof, but with respect to a non-owned automobile only while such automobile is being used in the business of the named insured;

(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . ."
Clearly, Scott is not a named insured.
According to plaintiff and defendant Scott, however, because Scott was employed as an assistant mechanical engineer for Two "R" Drilling, he falls within the category of an "executive officer" [11(b)] of the employer. According to appellants, in such instance Scott is an "insured" under the terms of the policy, and because Scott is vicariously liable[3] for the torts of his minor son, Scott's liability is covered. We disagree.
In Hadrick v. Diaz, 302 So.2d 345 (La. App. 1st Cir. 1974), cited by defendant *925 Travelers, the court enumerated a number of factors relevant in a determination whether an employee is an executive officer within the meaning of a liability insurance policy. Though the cited case dealt with a wrongful death claim arising from an industrial accident (a suit instituted by the deceased employee's beneficiaries against the executive officers of the employer), its discussion of the meaning of the term "executive officer" is applicable to our case. In this regard, the court in Hadrick stated:
"In determining the issue before us, our own courts have considered the following circumstances relevant: (1) Whether the employee's position was created by corporate charter, Thibodeaux, above; (2) Whether the employee was formally elected or designated to his office or position by the Board of Directors, the officers or stockholders, Thibodeaux, above; (3) Did the employee have authority, discretion and managerial responsibility covering the divergent affairs of the corporation, Thibodeaux, above; (4) Did the employee have duties or authority outside his particular department, Thibodeaux, above; (5) Was the employee involved in shaping company policy, Thibodeaux, above; Berry, above; (6) Did the employee possess authority to alter contract terms or conditions or to change specified company procedure, Upham, above; (7) Whether the employee had several department heads under his supervision, Berry, above; (8) Whether the employee had a large number of employees under his direction and control, and (9) Did the employee have authority to hire and fire other employees, Berry, above? In Guilory v. Aetna Insurance Company, 415 F.2d 650 (Fifth Circuit), the court also considered whether the employee maintained a close connection with the corporate officers and board of directors and whether the employee was empowered to write company checks."
The Hadrick court concluded that the status of an executive officer is a factual question.
When we apply the guidelines as set forth in the Hadrick case, we cannot conclude Glenn C. Scott is an executive officer within the meaning of the policy.
R. H. Reeves, chairman of the Board of Two "R" Drilling, testified that the elder Scott is employed as an assistant mechanical engineer and that company cars are assigned to supervisory engineering personnel such as Scott for use on company business. There is no evidence in the record that Scott is a partner or officer duly elected by the Board of Directors of the corporation. The record simply contains no evidence to indicate that Scott's duties are executive in nature. Under these circumstances, we cannot say he is an "executive officer" within the meaning of the policy. Having so concluded, we necessarily conclude Scott is not an "insured", as an executive officer, under the policy terms. Accordingly, we do not consider whether the policy affords coverage to a vicariously liable "insured".
Plaintiff and defendant Scott further claim the trial judge fell into error in applying the definition of "persons insured" as stated in II(c) of the policy:
"(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission. . .
and in concluding that the minor did not have permission to use the automobile. We do not agree.
The trial judge properly applied II(c), supra. Under these provisions in the policy, the insurer can be held liable where a third person is using a company-owned automobile if that driver had permission of the named insured. The trial judge made the factual finding that the minor did not have permission to drive the company automobile. The record clearly supports this conclusion. The father testified that he had left the keys in the kitchen area of his residence prior to leaving on his pleasure trip. At that time he told a woman who was staying at the house and supervising *926 the son, Bruce, that someone (meaning from Two "R") might come for the keys. The father further stated that Bruce had never asked for permission to drive the vehicle and if permission had been sought, it would have been denied. The son did not have a driver's license at the time of the accident and though he had previously driven the family car on occasion, it had always been in the presence of one or the other of his parents. Under these circumstances, it cannot be said that the adolescent's use of the automobile was "with the permission" of either his father or Two "R" Drilling. Accordingly, we conclude the trial judge properly exonerated the employer's insurer from liability.
II. Liability of the Father's Insurer  State Farm Mutual Automobile Insurance Company.
The State Farm policy provides coverage to Glenn C. Scott as a named insured. "Persons insured" are further defined as follows:
"Persons Insured. The following are insureds under Part I:
* * * * * *
(b) with respect to a non-owned automobile,
(1) the named insured,
(2) any relative, but only with respect to a private passenger automobile or trailer,
provided his actual operation of (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and
* * *
Appellants argue that under the policy, with respect to a non-owned automobile, the father as a named insured who is vicariously liable for the torts of his minor son is afforded coverage under (b)(1), supra, for damages which the named insured father is obligated to pay. Under these circumstances, appellants claim, the permission clause set forth in (b)(2) of the policy is not applicable.
Alternatively, plaintiff and Scott contend that the minor driver of a non-owned vehicle (the Two "R" automobile), as a relative of the named insured, falls within the category of "persons insured" as defined in the policy. According to appellants, the record establishes that the minor driver reasonably believed that he had permission to drive the non-owned automobile, as set forth in (b)(2), supra.
Because the automobile driven by the minor does not fall into the category of a vehicle covered under the policy provisions, it becomes unnecessary to discuss plaintiff's and Scott's contentions. Coverage is afforded on three categories of automobiles: 1) owned; 2) non-owned; and, 3) temporary substitute. In the "Definitions" section of the policy, a "non-owned automobile" is defined as
"an automobile or trailer, not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile. . . ."
We interpret the word "not" in the above definition to modify both the phrases "owned by" and "furnished for". Because the vehicle involved in the accident was owned by Two "R" Drilling and was furnished for the regular use of its employee, Glenn C. Scott, the named insured under the State Farm policy, the vehicle is not a "non-owned automobile" within the meaning of the policy. Neither is the vehicle a "temporary substitute automobile"[4] or an
*927 "owned automobile"[5] within the meaning of the State Farm policy. Accordingly, the State Farm policy affords no coverage to Glenn C. Scott under the circumstances of our case and any discussion of his vicarious liability for his son's tort is of no value. The trial judge properly dismissed plaintiff's suit against Scott's automobile liability insurer.
III. Individual Liability of Bruce Scott.
We do find merit, however, to plaintiff's contention that the trial judge erred in failing to cast defendant Bruce Scott in judgment. Though a minor at the time of the accident, Bruce became a major prior to judgment and plaintiff's petition was amended to name him as a party defendant. The judgment, however, was rendered in favor of plaintiff against only defendant Glenn C. Scott individually and as administrator of his minor son's estate. No judgment was rendered against Bruce Scott.
Clearly, the trial judge properly cast the father in judgment for the tort of his minor son. LSA-C.C. arts. 237 and 2318; Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971). However, the code also imposes upon the minor responsibility for his own tortious conduct. LSA-C.C. arts. 1785(5), 1874 and 2227. Hathorn v. McKay, 236 So.2d 74 (La.App. 3d Cir. 1970); Redd v. Bohannon, 166 So.2d 362 (La.App. 3d Cir. 1964).
Accordingly, we conclude the trial judge erred in failing to cast Bruce Scott in judgment. We find no merit, however, to plaintiff's argument that the father and son are solidarily liable; rather, each is individually liable for payment of plaintiff's damages. Wooten v. Wimberly, 272 So.2d 303 (La. 1973).

QUANTUM
I. Loss of Future Earnings
We find no basis to plaintiff's claim that the amount awarded by the trial judge should be increased to reflect loss of future earnings. Plaintiff simply fails to carry his burden of proof. At the time of the accident, plaintiff was employed as a loan originator for BNO Mortgage Company at a salary of $15,000.00 per year. This employment involved soliciting mortgage loans. Plaintiff's supervisor testified that plaintiff had been discharged largely due to absenteeism resulting from the accident. Subsequent to Larry Crandall's discharge from BNO, he became employed by Pontchartrain Motor Company as a Cadillac salesman. Crandall's monthly draw was $900.00. Plaintiff testified that, in addition to the draw, he had received $300.00 commission on one occasion. No other testimony was offered regarding impairment of earning capacity.
Whether an award for loss of future earnings is justified
"involves inquiry into the extent of plaintiff's injuries . . . and whether such injuries have incapacitated him permanently from doing work of a reasonable character, that is, work for which he was fitted by training and experience of the same or similar kind in which he was engaged at the time of the accident. * * *"
Viator v. Gilbert, 253 La. 81, 216 So.2d 821, 822 (1968). Absent an abuse of discretion by the trial judge, his judgment with respect to such an award is not to be aside. Robinson v. Graves, 343 So.2d 147 (La.1977).
The evidence in the instant case simply does not support an award for loss of future earnings. Before and after the accident, plaintiff has been employed in sales positions. No medical testimony was introduced at trial to indicate that plaintiff's injuries are of a permanent nature prohibiting a resumption of his former sales position in the mortgage banking field. Under these circumstances, we cannot say the trial judge erred in not including damages for loss of future earnings.
II. General Damages
Defendant Glenn C. Scott urges on appeal that the trial judge's award of general damages in the amount of $12,000.00 is *928 excessive. Scott characterizes plaintiff's injury merely as a muscle sprain in the cervical and lumbosacral areas. We do not agree.
Plaintiff was first seen by his treating physician two days following the accident. The initial examination on July 14, 1973, revealed spasm in the posterior neck region. Crandall was treated with muscle relaxants and anti-inflammatory medication. Several other examinations during July and August, 1973, did not indicate improvement. Plaintiff underwent physical therapy and was fitted with a cervical collar. He was diagnosed as having a flexion-extension injury to the neck and acute paracervical muscle spasms.
During August, 1973, Crandall experienced tenderness in his lower back, nausea and vomiting, gastric irritation and pain in the rectal area. His condition was diagnosed as inflammatory gastritis, either secondary to medication or combined with anxiety and he was placed on a bland diet. Antacids were prescribed. Plaintiff was examined again during October and November, 1973. At this time he continued to complain of pain in the lower back which the physician diagnosed as acute lumbosacral muscle strain. Periodic visits were made through January, 1974, and again in May and July, 1974.
In October, 1974, following plaintiff's continued complaints of epigastric distress, numbness in the lumbosacral region and problems in the rectal area, he was admitted to the hospital. Tests administered only confirmed findings made by the treating physician. No further significant findings were made. The treating physician testified that the back pain was attributable to the accident; that the gastric distress was related in part to medication and anxiety from the accident; and that rectal bleeding and hemorrhoid problems resulted from antacid therapy and anxiety as well as from a parasite infestation. The complications resulting from the injury sustained in the accident continued for a period in excess of a year. Under the circumstances, we cannot say the $12,000.00 general damage award is excessive.
We find no merit to Scott's contention that plaintiff's failure to support the treating physician's testimony with the testimony of an orthopedist, a neurologist and a gastroenterologist (with whom consultations were made by the treating physician) creates a presumption unfavorable to plaintiff. These physicians were as much available to defendant as they were to plaintiff.

DECREE
Accordingly, that part of the judgment which reads:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Larry M. Crandall, and against defendant Glenn C. Scott individually and as administrator of his minor son Bruce Scott's estate, in the full sum of $14,122.46 with legal interest thereon from judicial demand until paid and for all costs incurred by the plaintiff."
and which also reads:
"The expert fee of Dr. Allan D. Ahleschier is fixed at $200.00 and is taxed as cost to be paid by Glenn C. Scott."
is annulled and set aside and is recast as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Larry M. Crandall, and against defendant Glenn C. Scott individually and as administrator of his minor son Bruce Scott's estate, and against Bruce Scott, individually, in the full sum of $14,122.46 with legal interest thereon from judicial demand until paid and for all costs incurred by the plaintiff."
"The expert fee of Dr. Allan D. Ahleschier is fixed at $200.00 and is taxed as cost to be paid by Glenn C. Scott individually and as administrator of his minor son Bruce Scott's estate, and by Bruce Scott, individually."
In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Bruce had never received a driver's license.
[2] This amount includes a $12,000.00 general damage award and $2,122.46 in special damages.
[3] LSA-C.C. art. 2318 provides as follows:

Art. 2318. Acts of minors
"Art. 2318. The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
"The same responsibility attaches to the tutors of minors."
[4] "Temporary substitute automobile" is defined in the policy as "any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction. . . ." This definition is clearly inapplicable.
[5] "Owned automobile" is defined in the policy as" a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded. . . ." The only automobile described in the State Farm policy is a 1970 Chevrolet owned by Scott.