ROGERS, Judge.
In the companion case of Wallace v. Pan American Fire and Casualty Company et al., 352 So.2d 1048, our docket number 5961, rendered this day we disposed of all issues in this appeal excepting the issue of quantum.
In the instant case the trial court awarded plaintiff damages in the total amount of $140,993.76, which award was reduced by Vi th (to the net sum of $105,745.32) as a result of a restrictive release granted by plaintiff to one held to be a joint tortfeasor, i. e., Jesse Scoggins d/b/a Star Butane Gas Company. Defendants have appealed and contend that the award is excessive. Plaintiff has answered the appeal and contends that the award should be increased.
The trial court in written reasons described plaintiff’s injuries as follows:
“After the accident, McMullen was first seen by Dr. John Hearn at Byrd Memorial Hospital at approximately 7:30 P.M. on October 23, 1970. At this time Mr. McMullen was in acute pain and neu-rogenic shock. First, second and third degree burns covered most of his body with the hands, forearms and face the most severely burned areas. Dr. Hearn testified that Mr. McMullen’s hands were ‘Utterly (sic) cooked’.
The next day Mr. McMullen was examined by Dr. E. H. Byrd. Dr. Byrd testified that McMullen was still in severe pain and because of his terrific bums, ‘he looked like a mummy who had just arrived in town’. Dr. Byrd found first, second and third degree burns over 65-70% of the body. McMullen was also suffering from a toxic reaction to the burns that affected his kidney functions. Later, McMullen would develop an anemia problem. Because of loss of fluids from the body, pressure bandages with antiseptic medicine on gauze was applied. A secondary infection on the forearms, hands, and to a less extent on the face, also developed. As a direct result of these injuries, he was hospitalized around three months. He could not later make a fist because of the webbing to his hands. This was caused by contracture of the scar tissue and is nature’s way of healing. These injuries were both permanent and disabling.
After his discharge from Byrd Memorial Hospital, he was hospitalized five times at Physicians and Surgeons Hospital in Shreveport, Louisiana for periods of about six days on each occasion for plastic surgery to release contractures and graft new skin removed from donor areas around the thighs, buttocks and the groin.
His hands are of very little use to him today. He can not voluntarily flex his hands or fully extend his fingers. And as the photographs graphically show, his disfigurement is obvious.
Prior to this accident Mr. McMullen’s general health was good with no disfigurement. At the time of this accident, McMullen was a 63 year old white male who had a life expectancy of about 14 years. Taking into consideration his age, he probably would not have been able to work more than another two or three *1060 years. For the three years immediately preceding the accident Mr. McMullen made an average yearly sum of about $9,185.62. During the three years subsequent to the accident he made an average of $736.73 sub-contracting some air-conditioning work. Therefore his average decrease in salary amounted to $8,448.89 and a total of $25,346.67 for the three year period.
At the time of this trial Mr. McMullen had incurred medical expenses of $15,-647.09.
In awarding general damages, this Court must somehow allocate a dollar amount on the unbearable pain which this man has gone through and will continue to experience the remainder of his some 14 years of life. The nature of the injuries and the severe disfigurement and total disability must also be considered, with the decreasing value of the dollar due to inflation and increases in the cost of living as well.
The pain and suffering, disfigurement and disability have been well proven in this case by both expert and lay witnesses. To listen to the testimony given by these witnesses in relation to the injuries suffered, as well as seeing this man in person at the trial and the picture taken after the accident, one must come to the conclusion that there is just no proper dollar amount which could possibly indemnify anyone for such injuries. However, this Court must nevertheless try.
While each case must be decided on it’s (sic) own facts, this Court felt it necessary to look to other decisions involving burns to determine the range of awards previously granted. In doing so, this Court found awards of $55,000.00 (Pellegrin v. J. Ray McDermott & Company, 504 F.2d 884), $65,000.00 (Benefield v. Milchem, 281 So.2d 771, La.App. 3rd Cir. 1973), $86,000.00 (West v. Continental Oil Company, 222 So.2d 104, La.App. 3rd Cir. 1969), and $175,000.00 (Barrois v. Service Drayage Co., 250 So.2d 135, La.App. 4th Cir. 1971).
Taking everything into consideration, this Court feels that $100,000.00 in general damages will be a fair award to Mr. McMullen for the injuries which he suffered as well as $25,346.67 for loss of earnings and $15,647.09 for medical expenses. Therefore, judgment is rendered herein in favor of H. F. McMullen in the sum of $140,993.76 against all defendants, in solido, cast herein. The expert witness fees of Dr. J. E. Hearn, Dr. E. H. Byrd, Dr. Simeon H. Wall and Dr. T. E. Banks are hereby set at $150.00 each and the fee of Mr. Edmund Thomas is set at $200.00 and are hereby taxed as costs of these proceedings.”
Although plaintiff believes the quantum to be inadequate and defendants believe the quantum is excessive, we will not disturb the award of the trial judge for the reasons given in the companion suit.
For the reasons assigned, we affirm the judgment in favor of plaintiff and against H. L. Hunt, The Fidelity and Casualty Company of New York, Wanda Petroleum Inc., Insurance Company of North America, and Hardy 0. Hicks. We remand all third party demands for disposition by the trial court.[1] Costs to be borne equally by all defendants cast in judgment.
AFFIRMED IN PART AND REMANDED.

. Neither the trial court’s written reasons for judgment nor the final judgment rendered and signed in the consolidated matters disposes of plaintiff’s claims as against Hunt Oil Co. and Hunt Petroleum Co. There being no disposition of those demands by the trial court this court cannot consider same. On remand those claims should be disposed of by the trial court.