386 So.2d 158 (1980)
John WALLACE, Plaintiff,
v.
PAN AMERICAN FIRE & CASUALTY COMPANY et al., Defendants-Appellants-Appellees.
No. 7684.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
*159 Bolen & Erwin, James A. Bolen, Jr., Alexandria, for defendants-appellants-appellees.
Stafford, Stewart & Potter, Grove Stafford, Jr., Alexandria, for defendants-appellees-appellants.
Plauche, Smith, Hebert & Nieset, A. Lane Plauche, Lake Charles, Gist, Methvin, Hughes & Munsterman, H. B. Gist, II, Alexandria, Roy B. Tuck, Jr., Jackson, Smith & Ford, Simeon Chris Smith, III, Leesville, for defendant-appellee.
Hardy O. Hicks, in pro. per.
Before DOMENGEAUX, FORET and CUTRER, JJ.
DOMENGEAUX, Judge.
Today we write another chapter in the odyssey of the Evans High School Explosion. This remarkably protracted litigation originated a decade ago on October 23, 1970, when the original plaintiffs, John Wallace and H. F. McMullen,[1] were severely injured in a gas explosion which rocked the school. After a lengthy trial on the merits, judgment was rendered in favor of plaintiffs and against several of the defendants. On appeal, this Court affirmed the trial *160 court's findings with respect to negligence and damages but remanded the cases to the trial court for consideration of the third party demands, which had not been disposed of in the signed judgment. Wallace v. Pan American Fire & Casualty Company, 352 So.2d 1048 (La.App. 3rd Cir. 1977), and McMullen v. Pan American Fire & Casualty Company, 352 So.2d 1058 (La.App. 3rd Cir. 1977), writs refused (both cases) 354 So.2d 209 (La.1978).
On this appeal from the trial court's dismissal of certain third party demands, Wallace and McMullen are no longer involved in the lawsuit, having collected their judgments from certain of the defendants. The remaining cast of characters includes only those defendants found to be negligent towards the plaintiffs in the original opinion of the trial court. Those defendants are:
(1) H. L. Hunt (Hunt), and its insurer, Fidelity and Casualty Company of New York (Fidelity);
(2) Wanda Petroleum Company (Wanda), and its insurer, Insurance Company of North America (INA);
(3) Hardy O. Hicks (Hicks); and
(4)Jesse Scoggins, d/b/a Star Butane Company (Star Butane), and its insurer, Pan American Fire & Casualty Company (Pan American).[2]
In our previous opinion (352 So.2d 1048 at 1050) we listed those third party demands seeking indemnity and/or contribution which had been filed by some of the above named defendants, as follows:
"... (a) Jesse Scoggins d/b/a Star Butane and its insurer, Pan American filed a third party demand against Wanda and Hunt and their insurers seeking indemnity; (b) Wanda and its insurer, ICNA filed a third party demand seeking indemnity and/or contribution from Hunt and his insurer, Fidelity; (c) Hunt, Hunt Oil Co., Hunt Petroleum Co. and Fidelity filed a third party demand against Jesse Scoggins, d/b/a Star Butane and Pan American seeking indemnity and/or contribution."
As stated previously, the third party demands were remanded for further consideration because they had not been disposed of by the trial court.
Subsequent to the remand, both Hunt and Wanda were allowed to amend and supplement their third party demands by adding as defendants Hardy O. Hicks and Pan American as the executive officer insurer of Shawson Gas and Motor Company, Inc. (Shawson Gas).[3] Wanda also added Star Butane and its insurer, Pan American, as third party defendants, claiming indemnity and/or contribution.
Thereafter, by judgment rendered October 9, 1978, and signed March 7, 1979, District Judge James C. Terrell, Jr., maintained peremptory exceptions of no cause of action and res judicata filed by Pan American as the liability insurer of the executive officers of Shawson Gas to the amended third party demands of Hunt and Wanda and their insurers, Fidelity and INA. He also maintained the peremptory exception of "no cause or right of action" filed by Star Butane and Pan American to the amended third party demands of Hunt, Wanda, and their insurers. Thus, the third party demands of Hunt and Wanda and their insurers against Star Butane and Pan American (both as insurer of Star Butane and as insurer for the executive officers of Shawson Gas) were dismissed. Both Wanda and Hunt filed motions for a new trial. The motions were denied orally on July 9, 1979, and the judgment accordingly was signed on August 1, 1979.
Hunt then filed peremptory exceptions of no cause of action, no right of action, res *161 judicata, and prescription to the third party demands of Star Butane and Pan American and of Wanda and INA. A signed judgment denying each of these exceptions was rendered on September 27, 1979.
Thereafter, Hunt and Wanda appealed from the maintaining of Star Butane's and Pan American's exceptions and consequent dismissal of their third party demands against Star Butane and Pan American.[4] Additionally, Hunt has "appealed" from the denial of his exceptions against the third party demands of Star Butane and Pan American and Wanda and INA. Both Hunt and Wanda have also appealed from the trial court's denial of a new trial.

DECIDING ON THE MERITS
When we earlier remanded this case, we intended only that the trial court render judgment on the third party demands. We were prevented from ruling on the third party demands only by the well-settled rule that no appeal lies from a judgment before it is signed,[5] and not because the third party demands were not submitted for decision. Our review of the voluminous record reveals that the failure to dispose of the third party demands was apparently due to an oversight. None of the parties can seriously contend that the trial court was not called upon to decide all issuesincluding all third party demandsat the conclusion of the trial. Forty-five witnesses were called by the various parties, producing over 3,000 pages of testimony; fourteen volumes of exhibits were introduced into evidence, and the Judge wrote a thirty page opinion thoroughly explaining the issues of negligence and damages. Also, when the case was appealed to this Court for the first time, the parties referred to their third party demands and briefed their contentions in connection therewith, as though the third party demands were ripe for appellate review.
Because there is now a signed judgment dismissing the third party demands of Hunt and Wanda against Star Butane and Pan American (both as insurer for Star Butane and as executive officer insurer for Shawson Gas) we will consider the merits of those demands on the basis of facts developed at the original trial.

HICKS: EXECUTIVE OFFICER?
Both Hunt and Wanda (and their insurers) strenuously urge this Court to rule that the trial court erred in sustaining the peremptory exceptions of Pan American as the insurer for the executive officers of Shawson Gas. Each invites us to remand the case to allow them to prove that Hardy O. Hicks was an executive officer of Shawson Gas and was therefore insured by Pan American at the time of the explosion. These third party plaintiffs reason that, although Pan American was released by plaintiffs (Wallace and McMullen) as the executive officer insurer for Ralph and Vernon McRae (the owners of Shawson Gas who were found by the trial court to be free of negligence towards the plaintiffs), the plaintiffs never released Hicks and, in fact, expressly reserved their rights to proceed against him. Since Hicks was found to have been negligent, they argue, they now have a statutory right to proceed against him and his insurer (allegedly Pan American) for contribution. (See C.C. Art. 2103).
Although the third party demands of Hunt and Wanda against Hicks and Pan American were non-existent when we first heard the case (since the amendments were made after remand), the record reveals that the issue of whether Hicks was an executive officer of Shawson Gas was contested during the trial. The evidence in the record (which, on this issue, consists mostly of testimony by Hicks and Vernon McRae) indicates that Hicks was only a service and installation employee who had worked for Shawson Gas for more than twenty years *162 prior to the accident. He was not an officer, director, or stockholder of Shawson Gas, and he had no administrative or corporate decision-making duties. There were no facts tending to show that Hicks was an executive officer, other than that he was performing a task over which Vernon McRae, the President of Shawson Gas, had supervision. During the trial, the Court commented on this delegation of duty:
"The way I look at it Hardy O. Hicks was working for Shawson Gas, and Mr. [Vernon] McRae was president of the corporation, and he put him in charge to do that workthe work that Hardy Hicks did, and he thought well enough of him to let him work on his own without checking behind him. That's what I got out of it."
The delegation of executive officer duties to a duly qualified subordinate does not necessarily elevate the subordinate to executive officer status. Determination of whether an employee is an executive officer is largely a factual issue. Hadrick v. Diaz, 302 So.2d 345 (La.App. 1st Cir. 1974); Crandall v. Scott, 350 So.2d 922 (La.App. 4th Cir. 1977). Under this set of facts, we find that Hardy Hicks was not an executive officer of Shawson Gas. Hardy Hicks simply was an experienced service and installation employee who was not in need of constant supervision. Accordingly, we affirm the judgment insofar as it dismisses the third party demands of Hunt, Wanda, and their insurers against Pan American as the insurer of the executive officers of Shawson Gas.

DEMANDS AGAINST STAR BUTANE
We conclude that the trial court judgment dismissing the third party demands of Hunt and Wanda and their insurers, Fidelity and INA, against Star Butane and Pan American (as Star Butane's insurer) is correct. The dismissal arises from a factual determination by the trial court that the fault of all four negligent defendants, Hunt, Wanda, Star Butane and Hicks, contributed equally to the explosion and resulting injuries.
Hunt asserts that it is entitled to contribution from Star Butane for the latter's virile share of damages. This claim is denied. The trial court reduced the plaintiffs' judgment by one-fourthStar Butane's virile sharebecause of the plaintiffs' earlier settlements with Star Butane. In essence, the release granted by the plaintiffs served as an acknowledgement that Star Butane had already paid its virile share. Consequently, there is no basis for Hunt's claim of contribution.[6]
Hunt and Wanda both argue that they are entitled to indemnity from Star Butane and Pan American because Star Butane committed negligence which was primary and substantial, or active, whereas the negligence of Hunt and Wanda was merely technical or passive. Thomas v. W & W Clarklift, Inc., 365 So.2d 913 (La.App. 4th Cir. 1978); Philip R. Farnsworth & Company, Inc. v. State, Department of Highways, 277 So.2d 500 (La.App. 1st Cir. 1973), writ denied 281 So.2d 740 (La.1973).
The active/passive negligence issue is one which must be decided upon the facts of each case. In his thirty page opinion (after the original trial) the trial judge found that:
"... the negligence of Hunt, Wanda, Star Butane and Hardy Hicks all equally contributed to this accident. The negligence of each was a cause in fact of the accident and each breached a duty to the plaintiffs herein which led to and was a proximate cause of the accident and the injuries."
The court was concerned with the negligence of defendants towards plaintiffs and did not consider whether the negligence of the defendants was passive or active for indemnity purposes. However, our analysis of the facts as found by the court persuades us that the negligence of Hunt and Wanda was at least equal to that of Star Butane.
True, neither Hunt's or Wanda's was the hand that lit the match that ignited the gas *163 which caused the explosion that injured the plaintiffs. Yet, both were found negligent. The Judge reasoned that each breached an affirmative duty to guard against and protect others from the inherent dangers involved with un-odorized or under-odorized gas. This duty arises from the Louisiana Liquified Petroleum Gas (LPG) Commission regulations which impose a duty upon all manufacturers and distributors of liquefied petroleum gas to use proper means to insure that a malodorant is applied to all gas that is destined for commercial uses. Star Butane's negligence resulted solely from its breach of the same duty owed by Hunt and Wanda.
Because Hunt, Wanda, and Star Butane each breached a duty to odorize the gas, we find that Star Butane's fault is not greater than the fault of Hunt or Wanda and the claims for indemnity by the latter two against Star Butane on the basis of active/passive negligence are without merit and were properly dismissed.[7]

DENIAL OF HUNT'S EXCEPTIONS
In an effort to finally dispose of all issues in this case, Hunt has "appealed" from the denial of its peremptory exceptions. A judgment which dismisses or denies a peremptory exception is an interlocutory judgment. Such a judgment is not appealable in the absence of a showing of irreparable harm. La.C.C.P. Art. 2083; Jarvis v. Lafayette General Hospital, 373 So.2d 1000 (La.App. 3rd Cir. 1979), reversed in part on other grounds, 378 So.2d 430 (La.1979); Millet v. Johnson, 352 So.2d 1301 (La.App. 4th Cir. 1977); Thibaut v. Thibaut, 346 So.2d 809 (La.App. 1st Cir. 1977), application denied, 349 So.2d 1269 (La.1977). Proof that the interlocutory judgment will cause further delay, increased labor, and added expense is not sufficient to show irreparable injury. Smith v. Hartford Accident & Indemnity Co., 195 So.2d 743 (La. App. 1st Cir. 1967), application not considered, 250 La. 642, 197 So.2d 898 (1967).
This Court recognizes that Article 5, Section 10 of the Louisiana Constitution of 1974 expressly provides that a Court of Appeal has supervisory jurisdiction over cases in which an appeal would lie to it. However, this Court has adopted and adheres to the policy that such supervisory jurisdiction will be used sparingly. Chambers v. Ortho Pharmaceutical Corp., 383 So.2d 46 (La.App. 3rd Cir. 1980); Alexander v. Administrator, Division of Employment Security, 302 So.2d 64 (La.App. 1st Cir. 1974).
Since appellant Hunt has made no showing of irreparable harm which would entitle him to review under La.C.C.P. Article 2083, his request that we review the trial court's denial of his exceptions is denied, and the third party demands of Wanda and Star Butane against Hunt will be remanded to the District Court for further proceedings.

REQUEST FOR NEW TRIAL
Both Hunt and Wanda have appealed from the trial court's denial of their motion for a new trial. Hunt concedes that the jurisprudence accords the trial court great discretion in granting a new trial. Southern Natural Gas Company v. Roland, 123 So.2d 891 (La.1960); Renz v. Texas & Pacific Railway Company, 138 So.2d 114 (La.App. 3rd Cir. 1962). The appellate courts will not interfere in decisions of the trial court denying motions for a new trial unless there has been a clear abuse of discretion. Allen v. Riley Mobile Home Sales, Inc., 307 So.2d 773 (La.App. 3rd Cir. 1975). In light of our decision today, which affirms the trial court judgment (albeit for reasons other than those given by the trial court), we find that the trial court did not abuse its discretion in denying the motions for a new trial.

DECLINATORY EXCEPTION
In brief, counsel for Hunt suggests that one issue for our consideration is: "Whether *164 the Trial Court erred in maintaining the declinatory exception of improper citation and insufficiency of service of process filed on behalf of Hardy O. Hicks."
The trial court sustained numerous exceptions advanced by several parties. Hunt specifically limited its appeal to those issues previously discussed herein. Its appeal did not raise as an issue the correctness of the court's ruling on the declinatory exception. Accordingly, we will not consider the issue as it is not properly before us.

DECREE
For the above and foregoing reasons, the judgment of the district court is affirmed in all respects. The consolidated cases will be remanded to the trial court for further proceedings on the third party demands of Star Butane, Pan American, Wanda, and INA, against Hunt and Fidelity. All costs on appeal are divided between Hunt and Wanda and their insurers, with Hunt and its insurer, Fidelity, liable for two-thirds, while Wanda and its insurer, INA, are liable for one-third.
AFFIRMED AND REMANDED.
NOTES
[1] This case is consolidated with McMullen v. Pan American, 386 So.2d 164 (La.App. 3rd Cir. 1980) (Docket No. 7685), which follows this case. All issues are common to both cases and are discussed in this case only.
[2] Before the trial was completed, Scoggins & Pan American settled the claims against them and were released by the plaintiffs. Accordingly, the judgment of each plaintiff was reduced by one-fourth after the trial court found Scoggins to have been negligent.
[3] Before the trial was completed, Shawson Gas and Pan American, its insurer, were also released by the plaintiffs after a settlement was reached. However, the trial court found Vernon McRae, the executive officer in charge of overseeing the operations at the Evans School, to be free of any negligence towards plaintiff.
[4] Many other exceptions were maintained at that time but no others have been appealed, so they are not before us.
[5] Wallace v. Pan American, supra; Rourke v. Coursey, 334 So.2d 480 (La.App. 3rd Cir. 1976); DiSalvo v. Picard, 303 So.2d 900 (La.App. 1st Cir. 1974).
[6] We further note that judgment for the plaintiffs was rendered against Hunt, Wanda, their insurers, and Hicks. Star Butane and Pan American were not cast in judgment.
[7] We find it unnecessary to decide whether the negligence of Hunt, Wanda, and Star Butane was active or passive, since we need only find that the negligence of Star Butane did not exceed that of Hunt and Wanda.