ON MOTION TO DISMISS APPEALS
HALL, Judge.
For the reasons set forth in this opinion, we dismiss the suspensive and devolutive appeals perfected by The First National Bank of Shreveport from interlocutory orders of the district court in these succession proceedings.
Willard H. Kilpatrick died February 6, 1977 and his will, dated January 16, 1977, was probated by ex parte proceedings on February 8, 1977. Arnold R. Kilpatrick and Harper A. Terrill were confirmed as testamentary executors. On February 17, 1977, The First National Bank of Shreveport filed in the record of the succession proceeding two wills of the decedent, one dated June 14, 1972 and the other dated September 16, 1976.
On May 4, 1977 the bank, joined by The Board of Trustees for State Colleges and Universities of the State of Louisiana and The Board of Supervisors of Louisiana State University, filed a petition seeking to annul the will dated January 16, 1977 on allegations that the decedent lacked physical and mental capacity to make a will. The petition sought recognition and probate of the will dated September 16, 1976, and judgment ordering the executors to return to the succession any property which may have been alienated or otherwise disposed of by them. The executors and Kilpatrick’s widow, Katherine Terrill Kilpatrick, were named as defendants.
The defendants filed a peremptory exception of no cause or right of action which was sustained by the trial court but was reversed on appeal as to the bank which was named as executor and trustee in the September 1976 will. See Succession of Kilpatrick, 356 So.2d 1083 (La.App. 2d Cir. 1978), writ denied 359 So.2d 198 (La., June 2, 1978).[1]
Although the record shows numerous pleadings filed thereafter relating to the *588 administration of the succession, the record does not show any proceedings related to the petition to annul the will until September 25, 1979 when the district court issued an order setting a pretrial conference for October 11, 1979. By subsequent orders the conference was rescheduled for November 26, 1979. On that date, after the conference, the bank filed an unusual and hybrid pleading which' gave rise to the orders appealed from.
In the meantime, Mrs. Kilpatrick died on March 15, 1979. Her will dated January 16, 1977 was probated by ex parte proceedings on May 11, 1979. Arnold R. Kilpatrick and Harper A. Terrill were appointed as testamentary executors. The record in that succession proceeding shows numerous pleadings filed thereafter relating to the administration of the succession, but no appearance in that proceeding by the bank until the filing of the pleading referred to aboye on November 26, 1979.
The pleading is styled “Petition of The First National Bank of Shreveport.” It bears the style of both the Succession of Willard Hansford Kilpatrick, No. 3409, and Succession of Katherine Terrill Kilpatrick, No. 3637, although the two succession proceedings had not been consolidated in any respect. The pleading states that insofar as concerns the Succession of Willard H. Kil-patrick, the petition is supplemental and amendatory of petitioner’s original petition filed May 4, 1977 and insofar as concerns the Succession of Katherine Terrill Kilpa-trick is an original petition. The petition contains 51 allegatory paragraphs. Detailed facts are alleged concerning Mr. and Mrs. Kilpatrick’s estate planning leading up to the execution by each of them of wills dated September 16 and 17, 1976 and other agreements including a spendthrift inter vi-vos life insurance trust. Many allegations are of facts relating to Mr. and Mrs. Kilpa-trick’s incapacity to make the probated wills. Other allegations relate to powers of attorney, change of beneficiary forms, and a later will dated March 4,1979 purportedly signed by Mrs. Kilpatrick. Other allegations relate to action taken by Arnold R. Kilpatrick both before and after Willard Kilpatrick’s death relative to property belonging to the Kilpatricks or their successions. The petition sought: (1) an order allowing the filing of the petition as a supplemental and amended petition; (2) that the executors be ordered to file inventories and annual accountings, produce documents, and answer interrogatories; (3) judgment decreeing that Mr. Kilpatrick lacked capacity to execute a certain power of attorney, the January 16,1977 will, and a January 20, 1977 change of beneficiary form on an insurance policy; decreeing these documents null and void and recognizing as valid the will of September 16; and decreeing null and void all sales and other actions taken by anyone under the authority of the alleged void instruments; (4) judgment decreeing that Mrs. Kilpatrick lacked capacity to execute a power of attorney, the January 16, 1977 will, and a March 4, 1979 will; decreeing these documents to be void and recognizing as valid her will of September 17, 1976; and decreeing null and void all sales and other actions taken by anyone under the authority of the alleged void instrument; (5) that the executors be required to account for all property of the estates and for judgment against the executors for any loss or damage sustained as a result of their acts; and (6) for reasonable attorney’s fees, expenses, expert witness fees and court costs.
Attached to the pleading was an order for the signature of the district judge ordering that: (1) the filing of the petition as a supplemental and amended petition be allowed in Suit No. 3409; (2) the executors be directed to file inventories of the assets of the estates and annual accountings within 30 days; (3) the executors produce and file certain documents; and (4) the executors answer attached interrogatories.
The district court refused to sign the order attached to the pleading, and, instead, issued an order noting that the “Petition” presented to the court by the bank would unduly delay a decision concerning the validity of the will of Willard Kilpatrick and would result in needless expense and loss of time if all of the issues raised'in the “Peti *589 tion” were tried at this time, provided: The order
“1. The First National Bank of Shreveport is hereby denied the right to amend its petition as set forth in the pleadings as presented to the Court on this date, however, there is hereby reserved to The First National Bank of Shreveport the right to amend its petition in any manner it deems necessary to attack the validity of the said will of Willard H. Kilpatrick dated January 16, 1977;
“2. The defendants in the petition to annul the will of January 16, 1977, shall have ten (10) days from this date to answer the petition as filed on May 4, 1977;
“3. All discovery by all parties in these proceedings shall be completed on or before January 15, 1980, and,
“4. The trial of this case on its merits is hereby fixed for February 20, 1980, at 9:30 o’clock A.M. at the Courthouse in Jonesboro, Jackson Parish, Louisiana.”
All parties had agreed to the February 20 trial date.
On December 3, 1979 the bank filed a motion to consolidate the two successions for trial and appeal purposes and also filed a motion for reconsideration and recall of the court’s order of November 6, 1979. The motions were heard on December 11, 1979 and were denied.
The bank filed an application for writs in this court which was denied.[2] The bank also, on December 20, 1979, filed in the district court a motion for suspensive and devolutive appeals from the orders of November 26 and December 11, 1979. The suspensive and devolutive appeals were granted returnable to this court on February 15, 1980. The suspensive appeal was perfected by the filing of a bond. Also on December 20, formal judgments were signed setting forth the orders previously rendered.
On February 13, 1980, the bank filed a motion to stay in this court alleging that the district court intended to go forward with the trial of February 20 and contending that the trial court was without jurisdiction to proceed further with the case because of the pending appeals. This court granted the stay order, pending disposition of the appeals.
The records on appeal were lodged in this court on February 19, 1980, and the appel-lees-executors filed a motion to dismiss the appeals, contending the orders appealed from are interlocutory, do not cause irreparable injury, and are not appealable. An opposition to the motion was filed by appellant. The motion to dismiss is well taken and the appeals will be dismissed.
An appeal may be taken from a final judgment, and from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. Art. 2083. A judgment that *590 does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment. LSA-C.C.P. Art. 1841.
The orders refusing to allow the filing of a supplemental and/or amending petition and refusing to consolidate the two succession proceedings are not final judgments. They do not determine the merits in whole or in part. They do not, as argued by appellant, amount to a dismissal without prejudice of demands asserted by the petitioner. They merely refuse to allow the bank to assert those demands in the particular manner by which the bank sought to do so, that is, by the particular pleading which the bank filed. The orders are preliminary matters in the course of the action and are interlocutory orders or judgments.
The interlocutory orders, even if erroneous (we do not consider on this motion to dismiss whether the orders are erroneous), do not cause irreparable injury. The test for determining whether án interlocutory judgment may cause irreparable injury is not whether a possible procedural error in the course of litigation in the trial court may be corrected on appeal after trial on the merits, but is whether the procedural error will have such an effect on the merits of the case that the appellate court cannot correct an erroneous decision on the merits. Review and correction of every claimed trial court procedural error by the appeal process is neither desirable nor necessary. The result of that process would be piecemeal appeals and undue delay. Hunter v. Health & Social & Rehabilitation Services, 372 So.2d 577 (La.App.2d Cir. 1979).
The test of irreparable injury is not met in this case. The orders rendered, even if erroneous, will not have such an effect on the merits of the case that the appellate court cannot correct an erroneous decision on the merits after trial. The only effect of the procedural orders is to regulate the procedure and order in which various actions and issues involved in the two separate succession proceedings will be tried and disposed of by the trial court, matters which are particularly within the province and discretion of the trial court itself. In the posture in which these two succession proceedings exist at this point in time, the trial court itself can yet alter its procedural handling of these matters, if it deems appropriate in its discretion, on its own motion or based on any subsequent pleadings, such as an amending petition in accordance with LSA-C.C.P. Art. 1151, or a supplemental petition in accordance with LSA-C.C.P. Art. 1155, or a new and separate petition, properly designated and filed as such in the particular proceeding to which the pleading applies. Since the trial date previously fixed has been upset, the trial court at this point could, in its discretion, consider consolidating for trial any closely-related actions in the two succession proceedings, such as the validity of the several wills involved.
In this case we perceive no irreparable injury accruing to the petitioner by reason of the trial court’s efforts toward hastening the trial of the long-pending action to annul the probated will in the Willard Kilpatrick Succession, particularly since the petitioner’s right or interest to pursue the other demands it sought to assert in the supplemental and/or amending petition depends on the success of its attack on the validity of the probated will. There is no irreparable injury caused by the interlocutory orders. Consequently, no appeal lies therefrom. This court lacks jurisdiction.
The appeals in both succession proceedings are dismissed at appellant’s costs.

. This court held that the bank, as executor and trustee under the 1976 will, had a right of action, a justiciable interest, to annul the 1977 will and to probate the 1976 will. This holding did not deal with the issue of the right of the bank to assert other claims and demands in the succession proceeding prior to establishing its justiciable interest to assert such other claims and demands by successfully attacking the 1977 will and probating the 1976 will.

. In the writ application, the bank contended that it was entitled to amend its petition without leave of court under LSA-C.C.P. Art. 1151, since no answer to the original petition had been filed by the defendants. The bank further contended that the district court abused its discretion in not allowing the bank to supplement its petition under LSA-C.C.P. Art. 1155 and in refusing to consolidate the two succession proceedings for purposes of trial and appeal. This court denied the application as not warranting the exercise of this court’s supervisory jurisdiction. We were influenced in taking that action in part by the fact that it was virtually impossible for the trial court, or this court, to pick out which of the 51 allegations contained in the pleading were properly “amendments” to the original petition under Article 1151. Further, it appeared that the district court was making a laudable effort to move the matter to trial, long-delayed, on the central and threshold issue of the validity of the 1977 Willard Kilpatrick will, without further delay and without complicating that imminent trial by injecting new issues and actions which might not have been ripe for trial. Although one trial, one final judgment, and one appeal is the procedural objective in most suits, it is not unusual for a succession proceeding to involve several separate and successive actions, all of which cannot necessarily be tried at one and the same time. In any event, this court does not' exercise its supervisory jurisdiction to correct every procedural error during the course of litigation, particularly where no significant prejudice or injury is shown; and none was shown here.