395 So.2d 372 (1981)
Joe E. BRIAN
v.
TARGET, INC. and King-Seeley Thermos Company in Solido
No. 14058.
Court of Appeal of Louisiana, First Circuit.
January 26, 1981.
Stella W. Williamson, Baton Rouge, for plaintiff-appellant.
Charles H. Braud, Jr., Baton Rouge, for defendant-appellee Target, Inc.
Michael H. Rubin, Baton Rouge, for defendant King-Seeley Thermos Company.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Plaintiff, Joe E. Brian, brought suit against Target, Inc., and King-Seeley Thermos Company seeking to rescind defendants' sale to plaintiff of an allegedly defective home ice cube machine.
Target, Inc., reconvened claiming $705 in storage charges. The ice maker was alleged to have been repaired and despite knowing same, plaintiff was charged with failing to reclaim the equipment, thus triggering storage fees.
Plaintiff filed a peremptory exception of no cause of action on the ground that Target's reconventional demand disclosed no actionable damages. Following a hearing, the trial court denied plaintiff's exception. Plaintiff appeals. Plaintiff in reconvention *373 has filed a motion to dismiss the appeal on the ground that the judgment appealed from was interlocutory and not appealable.
LSA-C.C.P. Art. 2083 permits appeals to be taken from either final judgments or interlocutory judgments which may cause irreparable injury. The judgment appealed from is interlocutory and not final because the merits of neither plaintiff's nor defendant's claims were determined in whole or part. LSA-C.C.P. Art. 1841. Furthermore, a judgment overruling an exception and requiring a defendant to go to trial does not cause irreparable harm and will not ordinarily be reviewed, save in the case where the court's jurisdiction is at issue. Iberia, St. M. & E. R. Co. v. Morgan's L. & T. R. & S. S. Co., 129 La. 492, 56 So. 417 (1911); Terrebonne Parish School Board v. St. Mary Parish School Board, 131 So.2d 266 (La.App. 1st Cir. 1961), affirmed 242 La. 667, 138 So.2d 104 (1961).
In the present case, plaintiff's exception of no cause of action was overruled. Plaintiff will be forced to defend against Target's reconventional demand. No realistic possibility of irreparable harm has been shown.
For the foregoing reasons, plaintiff's appeal is dismissed. All costs of this appeal are to be paid by Joe E. Brian.
APPEAL DISMISSED.