396 So.2d 548 (1981)
Edwin BERNARD, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY et al., Defendants-Appellants.
No. 7989.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
*549 Davidson, Meaux, Sonnier & Roy, M. Candice Hattan, Lafayette, for defendants-appellants.
McBride & Brewster, Elizabeth Dugal, Glynn Rozas, Voorhies & Labbe by D. Mark Bienvenu, Lafayette, for plaintiff-appellee.
Before CULPEPPER, FORET and SWIFT, JJ.
FORET, Judge.
Allstate Insurance Company[1] suspensively appeals from a judgment of the trial court granting plaintiff's motion to strike a request for a jury trial from defendants' answer.

FACTS
The trial court signed an order allowing defendants to file an amending and supplemental answer pleading the affirmative defense of assumption of the risk on January 31, 1980. The trial court then signed another order allowing defendants to file an amending and supplemental answer containing a request for trial by jury on February 8, 1980. This second order also directed that the case be placed on the jury docket for trial by jury upon defendants' furnishing bond as required by law.
Subsequently, Edwin Bernard (Plaintiff) filed a motion to strike defendants' request for a jury trial, alleging that defendants filed their first amending and supplemental answer for the sole purpose of requesting a trial by jury, thereby circumventing the provisions of LSA-C.C.P. Article 1732[2]. The trial court ordered defendants to show cause why plaintiff's motion should not be granted. The motion was heard and the trial court rendered its judgment on May 27, 1980, in favor of plaintiff.
Allstate filed an application for supervisory writs with this Court on June 10, 1980, in which it sought review of the trial court's judgment granting plaintiff's motion to strike. We denied the writ on June 18, 1980, stating that:
"From the pleadings filed, there appears to be no error or abuse of discretion in the ruling complained of".
Allstate also filed a motion for a suspensive appeal on June 9, 1980, and, by that appeal, once again seeks to have this Court review the judgment of the trial court granting plaintiff's motion to strike.

*550 APPEALABILITY OF THE INTERLOCUTORY JUDGMENT
A judgment denying a jury trial is an interlocutory judgment. LSA-C.C.P. Article 1841; Sonnier v. Gray Tool Company, 359 So.2d 1111 (La.App. 3 Cir. 1978). The Louisiana Code of Civil Procedure retains the test of irreparable injury with the respect to the appealability of interlocutory judgments. LSA-C.C.P. Article 2083[3] and Official Revision Comment(d) thereto.
Therefore, there can be no appeal from a judgment of the trial court denying a jury trial unless a showing of irreparable injury is made. Sonnier v. Gray Tool Company, supra; Hunter v. Health & Social & Rehabilitation Services, 372 So.2d 577 (La. App. 2 Cir. 1979); Ruston State Bank & Trust Co. v. Theodus, 366 So.2d 218 (La. App. 2 Cir. 1978); Sanford v. Hair, 373 So.2d 1371 (La.App. 1 Cir. 1979), writ denied, 376 So.2d 320 (La.1979)[4]; Triche v. City of Houma, 342 So.2d 1155 (La.App. 1 Cir. 1977); In re Martin, 361 So.2d 1315 (La.App. 1 Cir. 1978); Guidroz v. State Farm Fire and Casualty Company, 334 So.2d 535 (La.App. 1 Cir. 1976). See also Millet v. Johnson, 352 So.2d 1301 (La.App. 4 Cir. 1977).
The review and correction of every claimed trial court procedural error by the appeal process is neither desirable nor necessary, and the result of that process would be piecemeal appeals and undue delay. Succession of Kilpatrick, 381 So.2d 586 (La. App. 2 Cir. 1980); Hunter v. Health & Social & Rehabilitation Services, supra; Cheramie v. Vegas, 385 So.2d 453 (La.App. 1 Cir. 1980).
We believe that a better procedure for appealing from an order denying a jury trial and other orders involving trial court procedure is by application for supervisory writs.[5] Review is much more expeditious and stay of trial court proceedings pending the application is within the discretion of the trial court and the court of appeal. Sonnier v. Gray Tool Company, supra; Hunter v. Health & Social & Rehabilitation Services, supra; Guidroz v. State Farm Fire and Casualty Company, supra.
The case before us presents an example of the undue delay which can result when the suspensive appeal process is used for the review of claimed trial court procedural errors. Plaintiff filed his petition instituting this action on January 17, 1978, and now, some three years later, there is still no date set for the trial of this action. Such delays can only be detrimental to the proper administration of justice.
The test for determining whether an interlocutory judgment may cause irreparable injury is whether the procedural error will have such an effect on the merits of the case, that the appellate court cannot correct an erroneous decision on the merits. Succession of Kilpatrick, supra; Hunter v. Health & Social & Rehabilitation Services, supra; Cheramie v. Vegas, supra.
We find this test to be inadequate when applied to the determination of whether an interlocutory judgment denying a party a trial by jury may cause irreparable injury. The danger is that erroneous interlocutory judgments of the trial courts denying parties the right to trial by jury may be considered as never having such an effect on the merits of a case that an erroneous decision on the merits cannot be corrected on appeal. Indeed, one court has already expressed the view that judges are at least as competent as juries to try cases and that the facts and law are subject to appellate review. *551 Therefore, errors on the merits may be corrected whether a case is tried by a judge or a jury. See Hunter v. Health & Social & Rehabilitation Services, supra. We fail to see how a litigant could ever prove irreparable injury when denied a trial by jury under the above test and reasoning.
The right to a trial by jury is recognized by LSA-C.C.P. Article 1731, except as limited by the provisions of LSA-C.C.P. Article 1733. The problem presented is how to provide for a full realization of this important right while at the same time adhering to the mandate of LSA-C.C.P. Article 2083 requiring a showing of irreparable injury in order to appeal from an interlocutory judgment.
We adopt the following test in an attempt to solve this problem. A party appealing from an interlocutory judgment of the trial court denying it a trial by jury must show that it is clearly entitled to such under the appropriate statutes. See Wilson Sporting Goods Company v. Alwes, 17 So.2d 382 (La.App. 1 Cir. 1944). This Court will find no irreparable injury in the absence of such a showing.
We adhere to the jurisprudence to the effect that the mere denial of a jury trial, without more, does not, upon its face, result in irreparable injury such that it warrants a separate appeal, thereby disrupting orderly legal process and causing a commitment to the delays inherent in normal appellate procedure. Guidroz v. State Farm Fire and Casualty Company, supra; Sonnier v. Gray Tool Company, supra.
Defendant argues that its second amending and supplemental answer setting forth its request for trial by jury was filed timely, i. e., within ten days after the service of its first amending and supplemental answer pleading the affirmative defense of assumption of the risk. Therefore, it argues that under LSA-C.C.P. Article 1732 the trial court had no choice but to grant it a trial by jury. However, the Supreme Court, in Barberito v. Green, 275 So.2d 407 (La.1973), stated, on page 410, that:
"There is within the provisions of the Code of Civil Procedure the necessary safeguard against any abuse of the provisions of Article 1732 by the filing of amending pleadings. The trial judge, in the exercise of discretion may not allow the filing of such amending pleadings which he finds are proffered for the purpose of circumventing the limitations in this article. See C.C.P. Article 1151."
The plaintiff specifically alleged, as the grounds for his motion to strike, that defendants' first amending and supplemental answer "was filed solely for the purpose of requesting a trial by jury and thereby circumventing the provisions of LSA-C.C.P. Article 1732". The trial court, in rendering judgment on plaintiff's motion, stated that, "The court considering the law and evidence to be in favor of plaintiff ... IT IS ORDERED, ADJUDGED AND DECREED that the motion to strike be granted ...".
It is apparent that the trial court did indeed find that the defendants were attempting to circumvent the time limitations of LSA-C.C.P. Article 1732. We find the fact that the trial court failed to recall its order of January 31, 1980 allowing defendants to file their first amending and supplemental answer to be of no significance.
We hold that defendants have failed to show that they are clearly entitled to a trial by jury under the appropriate statutes. Therefore, we find no irreparable injury resulting to defendants from the interlocutory judgment of the trial court denying them a trial by jury, and, in the absence of this required showing, the judgment is not appealable.
An appellate court may dismiss an appeal on its own motion where there is no right to appeal. LSA-C.C.P. Article 2162; Sonnier v. Gray Tool Company, supra; Bunkie Bank & Trust Company v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 3 Cir. 1977)[6]. We dismiss defendant's appeal.
*552 The appeal is dismissed at defendant-appellant's (Allstate) costs.
APPEAL DISMISSED.
SWIFT, J., concurs, being of the opinion the motion to strike was properly sustained.
NOTES
[1] The other defendant in this case is Joyce McZeal. She has not appealed from the judgment of the trial court granting plaintiff's motion to strike.
[2] "Art. 1732. Demand for jury trial

A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue."
[3] "Art. 2083. Judgments appealable

An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
[4] We note Justice Dixon's concurrence in the writ denial where he states, in part, that "... it is an irreparable injury to deny a trial by jury, and such a denial is appealable ...".
[5] As we noted above, Allstate did apply for supervisory writs with this Court for review of the interlocutory judgment of the trial court denying it a trial by jury. The writ was denied.
[6] This case is erroneously reported as a First Circuit opinion.