433 So.2d 863 (1983)
John UPDEGRAFF
v.
PARISH OF ST. BERNARD.
No. CA-0151.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1983.
*864 Richard A. Tonry, Chalmette, Bruce G. Reed, New Orleans, for plaintiff-appellant.
Marcel Gueniot, Asst. Dist. Atty., Chalmette, for defendant-appellee.
Before REDMANN, SCHOTT, LOBRANO, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This appeal arises from procedural aspects of the trial court's maintenance of a peremptory exception of failure to join an indispensable party, filed against plaintiff, John Updegraff, by defendant, the Parish of St. Bernard. A second peremptory exception of no cause of action was denied. At the maintenance of the exception in the court below, plaintiff was given thirty days to amend his petition to join the Parish of St. Bernard CETA Program and the State of Louisiana, through the Department of Employment Security, as parties defendant, or else have his case dismissed. Plaintiff timely amended his petition to include these additional defendants. We also note the trial court's ruling on the exception did not dismiss the action against the Parish of St. Bernard, but merely continued the trial on the merits until all parties were joined.
Plaintiff was an employee of the Parish of St. Bernard CETA Program. He had worked in the program a little over one year and in that time had been injured, on the job, five or six times. After his last injury, plaintiff was terminated for being an unsafe worker and creating hazards dangerous to himself and his co-workers. Each time plaintiff was hurt, including his last injury, he applied for and received Workers' Compensation benefits without protest from defendant. The merits of plaintiff's suit alleged that his dismissal was due to his having made a claim for compensation and was therefore discriminatory under the provisions of R.S. 23:1361.
An appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. La.C.C.P. art. 2083.
A final judgment is one which determines the merits of a controversy either in whole or in part. La.C.C.P. art. 1841. An interlocutory judgment is one which does not determine the merits of a cause but decides only preliminary matters in the course of the action. Id. Since the plaintiffs were given an opportunity to amend their petition, expecting to proceed to trial, the judgment on the above exceptions were not final judgments.
The issues on appeal involve only the correctness of the trial court's ruling on the exceptions. A peremptory exception of no cause of action would be a final judgment were the exception maintained. But a denial of an exception of no cause of action is an interlocutory judgment and not appealable where there has been no showing of irreparable harm. La.C.C.P. arts. 1841 and 2083; Brian v. Target, Inc., 395 So.2d 372 (La.App. 1st Cir.1981); Wallace v. Pan *865 American Fire and Casualty Ins. Co., 386 So.2d 158 (La.App. 3d Cir.1980); Millet v. Johnson, 352 So.2d 1301 (La.App. 4th Cir. 1977); Mauterer v. Tillery, 328 So.2d 755 (La.App. 1st Cir.1976), writ ref. 365 So.2d 245 (La.1978).
Merely requiring the parties to go to trial does not constitute irreparable harm. Brian, supra; Mauterer, supra. The test for determining whether an interlocutory judgment may cause irreparable injury is whether the procedural error will have such an effect on the merits of the case, that the appellate court cannot correct an erroneous decision on the merits. Bernard v. Allstate Ins. Co., 396 So.2d 548 (La.App. 3d Cir.1981). We think that it would not.
The second issue on appeal is the maintenance of the peremptory exception of failure to join an indispensable party. La.C.C.P. art. 934 provides for the effects of sustaining a peremptory exception. This article provides that if a plaintiff may amend his petition to cure the grounds for the exception, the trial court shall order amendment within a reasonable time. If the grounds of the exception cannot be cured by proper amendment, or if plaintiff fails to amend within the time given, the action shall be dismissed. Id. A defect such as the absence of an indispensable party may be remedied by amendment and the trial court must allow plaintiff opportunity to amend his petition. Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App. 3d Cir.1979); Aetna Finance Co. v. Antoine, 343 So.2d 1195 (La.App. 4th Cir. 1977). We find that the trial court correctly permitted plaintiff to amend his petition to join an indispensable party, because the trial court is without discretion and is required to do so. Wheelahan v. State through Louisiana State Claims Review Bd., 376 So.2d 576 (La.App. 4th Cir.1979). Dismissal of the suit would have been error. Newman v. Polite, 400 So.2d 1186 (La.App. 1st Cir.1981); Simms v. Braren, 252 So.2d 459 (La.App. 4th Cir.1971).
According to LSA C.C.P. art. 2083 an appeal can only be taken from a final judgment or from an interlocutory judgment if it will cause irreparable injury. Since the judgment in this case is neither, the appeal cannot be maintained. Schwartzenburg v. Indian Hills Subdivision Residents, 386 So.2d 187 (La.App. 3d Cir.1980). Therefore, we find that the judgment below was interlocutory in nature, that there is no right to appeal, and that it should be dismissed.
Since there is no right to appeal the judgment in question, we are required to notice this lack of jurisdiction on our own motion. La.C.C.P. art. 2162; Bernard, supra; Bunkie Bank and Trust Co. v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App. 1st Cir.1977); Booker v. Waguespack, 331 So.2d 110 (La.App. 1st Cir.1976); Brumfield v. Community Mobile Homes, Inc., 315 So.2d 901 (La.App. 1st Cir.1975). Since this matter is not properly before us, we may dismiss such an appeal at any time. La.C.C.P. art. 2162; Kinchen v. Kinchen, 256 La. 28, 235 So.2d 81 (La.1970); on remand 244 So.2d 316 (La.App. 1st Cir.1970), application not considered, 257 La. 854, 244 So.2d 608; on remand, 249 So.2d 926 (La.App. 1st Cir. 1970); Malbrough v. Kiff, 312 So.2d 915 (La.App. 1st Cir.1975); Sims v. Louisiana Private Schools, Inc., 223 So.2d 187 (La.App. 1st Cir.1969).
For the foregoing reasons, we affirm the trial court's judgment to deny the peremptory exception of no cause of action and the maintenance of the peremptory exception of failure to join an indispensable party insofar as plaintiff was ordered to amend his petition to properly join additional parties defendant. Since the maintenance of the second exception did not end the litigation and plaintiff timely amended his petition, we conclude that dismissal of the appeal is proper in order to permit a trial on the merits, allowing the additional defendants to present their defense. Appeal is dismissed at plaintiff's costs.
APPEAL DISMISSED.
REDMANN, C.J., and SCHOTT, J., dissent.
*866 REDMANN, Chief Judge, and SCHOTT, Judge, dissenting.
After trial on the merits of this action for continuing wages due after an allegedly unlawful firing of plaintiff, judgment was rendered maintaining the peremptory exception of failure to join indispensable parties (plaintiff's employers). Plaintiff appeals.
It might ordinarily be argued that a judgment requiring the joinder of other parties is non-appealable, La.C.C.P. 2083, because it is interlocutory and (it may be argued) does not cause irreparable injury because having to try a case on the merits is not irreparable injury. In our case, however, plaintiff has already tried the case on the merits against the original defendant. We therefore deem the judgment appealable (otherwise we would consider the appeal as an application for writs which we would grant).
If, indeed, the missing parties are indispensable, as defined by C.C.P. 641, the controversy between plaintiff and the original defendant could not fairly be decided in their absence.
Our conclusion is that notwithstanding that the question of whether or not plaintiff is owed wages cannot be decided in the absence of the party who hired and fired him, the question of whether any such wages would be owed by the Parish of St. Bernard can be decided on the basis of the trial already held. Plaintiff-appellant is entitled to such a determination, regardless of the circumstance that the result favors defendant.
The trial established that plaintiff was hired and fired by someone other than the parish or any of its agents or employees. Plaintiff was a CETA employee, paid with federal funds, whose services were given to the parish but over whose hiring and firing the parish had no control. The "St. Bernard CETA Program" then assistant director testified that she and the director were the persons who decided to and did fire plaintiff (just as they had earlier hired him and decided to what sites to send him for work assignments).
Plaintiff himself testified "I started off on a 13-week CETA Program," when asked if he was "working for the St. Bernard Parish or the CETA." He also testified, in response to "how much longer you had to work on the CETA Program," "I knew it was coming to a end because Michael Roach was going to get me picked up with the Parish. Q. In other words, your employment with the CETA only lasted a certain amount of time? A. It was good for 18 months." Plaintiff also testified that he was fired by a CETA counselor (who testified she acted on instructions of the CETA assistant director).
Thus the only connection that the parish government had with plaintiff's employment was that the parish was the beneficiary of his labor, contracted, paid for and terminated by CETA. Under those circumstances the parish cannot be liable, not even if CETA wrongly terminated plaintiff's employment.
The judgment appealed from should be reversed, the exception should be overruled, and there should be judgment dismissing plaintiff's action against St. Bernard Parish.