DUFRESNE, Judge.
This is an appeal by Ronnell P. Bernard, M.D., petitioner-appellant, from a judgment denying his petition to have Meyer Kaplan, M.D. removed, because he is not in the same class or specialty, from a medical review panel which is to sit in a malpractice proceeding initiated by Florence Calongne, respondent-appellee.
The sole issue raised here is whether a physician specializing in internal medicine is qualified to be a member of a medical review panel convened pursuant to La.R.S. 40:1299.47, to review allegations of malpractice made against a treating physician who is a general practitioner, practices emergency room medicine, and is in the process of becoming board certified as a specialist in emergency room practice. Because La.R.S. 40:1299.47(C)(3)(e) specifically states that all panelists “shall be from the same class and speciality of practice of health care provider as defendant,” and because the internist at issue here admits that he is not a general practitioner nor has he ever engaged in emergency room practice, we hold that he does not meet the requirements to sit on this medical review panel. We therefore reverse the judgment of the trial court.
*1218 It appears from the scant record before us that at about 8 P.M. one evening in June, 1982, Frank Calongne, Jr. had appeared at the emergency room of the hospital which employed Bernard as an emergency room physician. He was complaining of pains in the shoulder and chest. It further appears that Bernard diagnosed the complaint as a pulled muscle and discharged the patient. Later that night, or early the next morning, Frank Calongne died of a heart attack.
In December 1982, Mrs. Calongne filed a medical malpractice claim against Dr. Bernard alleging that he had negligently failed to diagnose the onset of her husband Frank’s fatal heart attack. She nominated Dr. Meyer Kaplan, an internist, to the review panel and Bernard objected. The attorney panel chairman declined to rule on the objection and Bernard petitioned the district court to remove Kaplan from the panel. This petition was denied, and Bernard now appeals.
As stated above, the only issue here is whether Kaplan is of the “same class and speciality” as Bernard as required by La. R.S. 40:1299.47(C)(3)(e). We hold that clearly he is not.
It is stipulated that Kaplan
1.) is a specialist in internal medicine;
2.) recognizes that emergency room practice is a recognized field of specialization; and
3.) has not, nor does he now, practice emergency room medicine, nor is he a general practitioner.
It is further agreed that Bernard is a general practitioner, that he has practiced emergency room medicine since 1977, and that he is now in the process of becoming board certified as an emergency room specialist. Finally, Bernard stated in deposition that he feels himself to be as competent as an average internist in diagnosing early signs of heart attack in an emergency room setting.
Given these facts, it is clear that Kaplan and Bernard share no common “class or speciality” of practice.
Calongne argues, to the contrary, and with seeming merit that because Bernard feels himself as competent as an average internist in an emergency room setting, an internist therefore qualifies for the panel. While it appears that the trial court was persuaded by this reasoning, we nonetheless must reject it for reasons appearing elsewhere in our laws on medical malpractice.
Specifically, La.R.S. 9:2794(A)(1) sets forth the criteria by which medical malpractice is to be shown, as follows:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists licensed to practice in the State of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians or dentists within the involved medical specialty.
We recognize of course, that La.R.S. 9:2794(A)(1) does not appear in the medical review panel statutes. However, La.R.S. 40:1299.47(G) provides it is the duty of the medical review panel to render an expert opinion as to whether or not the defendant acted or failed to act within the “appropriate standards of care”, and La.R.S. 9:2794(A)(1) defines the appropriate standards. These two statutes must necessarily be read together.
In the present case, therefore, it will first be necessary to determine what skill and care is ordinarily exercised, either by a general practitioner in an emergency room setting, or by a physician practicing the specialty of emergency room medicine. As Kaplan is not an expert in either category, he simply does not meet the criteria to sit on this panel.
For the foregoing reasons, the judgment of the trial court is reversed, the petition of *1219 Bernard to remove Kaplan from the medical review panel is hereby granted. All cost of this appeal are to be paid by Florence Calongne-Appellee.
REVERSED AND RENDERED