SCHOTT, Judge.
Plaintiff was injured while in the scope of his employment as a grass cutter by the St. Bernard Parish Police Jury. He brought this tort suit against the individual members of the Jury (hereinafter “appel-lees”) along with other defendants and obtained an order for a jury trial against all defendants. Appellees filed a motion to strike the jury based upon LSA-R.S. 18:5105 which prohibits trial by jury against a state agency or political subdivision. The trial court granted appellees’ motion and from that order plaintiff has appealed. Plaintiff previously applied to this court for supervisory writs with respect to the order now on appeal, and this court denied writs. Plaintiff also applied to the Supreme Court for writs which were likewise denied. In this court appellees have moved to dismiss the appeal because of the court’s previous action on plaintiff’s writ application and on the ground that the order denying a jury trial is not an appeal-able order. We have resolved to dismiss the appeal.
The procedural posture of this case is the same as Bernard v. Allstate Ins. Co., 396 So.2d 548 (La.App. 3rd Cir.1981) where the plaintiff’s motion to strike the jury requested by Allstate was granted, Allstate applied for writs and took an appeal, writs were denied, and the court dismissed the appeal on its own motion. The court reasoned that an application for supervisory writs is the preferred procedural remedy for an order denying a jury trial because it is more expeditious while the use of the appellate process to correct procedural errors would result in piecemeal appeals and undue delay. The court concluded that the denial of a jury trial was not an appealable interlocutory order because appellant made no showing of irreparable injury which would consist of a showing that appellant was clearly entitled to a jury' trial under the appropriate statutes.
As in the Bernard case this case illustrates the impracticality of invoking appellate rather than supervisory jurisdiction of the appellate court to correct the error alleged by appellant. This suit was originally filed on October 16, 1985 and the order appealed from was signed on March 19, 1986. The record was lodged in this court on July 15, and the case was submitted to this panel on January 12, 1987. By the time this judgment becomes final almost a year will have elapsed since the order complained of was signed. During this time the case has been at a standstill in the trial court. Writ procedure is far more expeditious.
Moreover, the time and expense involved in the appellate process militate against piecemeal appeals from different orders in the same case. In the present case there is already the probability of at least two appeals and there could be more, if appeals are taken from other procedural rulings as the case moves toward trial.
In this case, as in the Bernard case, appellant applied to this court as well as the Supreme Court for writs regarding the order now on appeal. In both courts the applications were denied without assigned reasons. However, the application filed in this court is practically identical to appellant’s brief on appeal. The arguments in his brief were made verbatim in support of his writ application to another panel of this court. Thus, irrespective of the reasons given by the other panel for the writ denial, appellant’s arguments have already been considered by the court. We are satisfied that our colleagues on the other panel would have granted writs and ordered a jury if appellant were clearly entitled to have his case tried by jury. Basic considerations of judicial economy lead to the conclusion that in this case where the result reached by the writ panel appears to be correct, appellant is not entitled to have the *551 same arguments considered on appeal by another panel.
An appeal may be taken from an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083. In the Bernard case the Third Circuit adopted this test to solve the problem of whether an order denying trial by jury caused irreparable injury: A party appealing from an interlocutory judgment denying him a trial by jury must show that he is clearly entitled to such under the appropriate statutes. 396 So.2d at page 551. Appellant has not met this test.
Appellant’s argument that each individual member of the police jury is not a “state agency” or “political subdivision” and is therefore not insulated by R.S. 13:5105 from trial by jury is not persuasive. To agree with this argument would make the statute meaningless since almost every agency and political subdivision consists of a number of individual officials. A police jury is a body composed of members elected from and representing various parts of the parish. Together they comprise a political subdivision and they cannot be divided so as to deprive them of the right afforded them by the statute. While we do not decide the case on this basis, this discussion illustrates plaintiffs failure to show clear entitlement to a jury under the statute and concomitant irreparable injury as a result of the trial court’s grant of the motion striking the jury. Although appellant contends that his suit is also directed against the police jurors in their capacities as private citizens, his petition contains no factual allegations to support such liability.
Accordingly, appellees’ motion to dismiss this appeal is granted; appellant is to pay all costs.
APPEAL DISMISSED.