504 So.2d 624 (1987)
Lucy D'Anzey, wife of Jack ANDERSON
v.
Jack ANDERSON.
No. CA-6222.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Rehearing Denied April 15, 1987.
Writ Denied June 12, 1987.
Terence L. Hauver, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for plaintiff.
A.D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for defendant.
Before GULOTTA, BARRY and WARD, JJ.
BARRY, Judge.
This appeal involves an ex-wife's claim for past and future medical expenses and the denial of additional alimony.
Dr. Jack Anderson and Lucy D'Anzey Anderson were divorced in 1980. The consent judgment ordered Dr. Anderson to pay $1,111.00 monthly alimony and "provide hospitalization insurance to Lucy D'Anzey *625 Anderson at least similar to that provided for himself and/or his employees."
In February, 1985 Mrs. Anderson was diagnosed as having cancer and shortly thereafter she was notified that Dr. Anderson's insurer had cancelled her hospitalization coverage. Dr. Anderson received notification dated April 24, 1985 that Mrs. Anderson's coverage was cancelled January 1, 1985 because "retired employees are not eligible to participate in the insurance program."
In May, 1985 Mrs. Anderson filed rules to increase alimony and show cause why Dr. Anderson should not pay her medical expenses and provide insurance pursuant to the divorce decree.
On July 19, 1985 Dr. Anderson was ordered to pay $15,490.43 for medical expenses; however, the trial court recalled the judgment and granted a new trial.
The February 13, 1986 judgment provides:
Dr. Anderson should be ordered to pay all medical expesnes [sic] incurred to date, and all future medical expenses. Having made Mrs. Anderson whole, with regard to medical expenses, the court denies the rule for increase in alimony.
Dr. Anderson contends the trial court erred by making him an insurer of his former wife's past, present and future medical bills. Mrs. Anderson submits the court erred by denying an increase in alimony and failing to award court costs and attorney fees.
Dr. Anderson argues the judgment is ambiguous because it does not delineate the paid medical bills or specify the future amounts. He claims Mrs. Anderson is not in necessitous circumstances and is financially capable of paying her expenses. He asserts the judgment increases Mrs. Anderson's net worth and reduces his, hence she is "enriched".
The divorce judgment ordered Dr. Anderson to carry Mrs. Anderson's hospitalization insurance which he did until 1985 when Mrs. Anderson became ill. Prior to receiving the formal cancellation notice in April, 1985 Mrs. Anderson was informed by the hospital that coverage had been denied and she was responsible for $6,796.88 in medicals.
Pursuant to the July 19, 1985 judgment Dr. Anderson paid Mrs. Anderson's medical bills; however, he refused to pay the expenses incurred between February, 1985 and July 19, 1985 which totaled $21,180.69. The February 13, 1986 judgment ordered Dr. Anderson to pay all past and future expenses which included the $21,180.69. Under these circumstances Mrs. Anderson is not "enriched" since she will only receive the medical benefits and protection previously ordered in 1980.
Dr. Anderson argues that a demand for alimony is retroactive to the date of filing the petition. La.R.S. 9:310. Thus he contends the February 13, 1986 judgment should only order him to pay those expenses arising after May 15, 1985, the date of judicial demand. Dr. Anderson's reasoning ignores the 1980 decree and his argument is without merit.
Mrs. Anderson contends the trial court erred by denying an increase in alimony based on changed circumstances. Although she admits the trial court "made her whole" as to medical expenses, she contends her financial needs have changed since June, 1984 when she was denied an increase, and claims "the need for additional funds on which to live."
In order to modify an alimony award the claimant must show there has been a change in circumstances. Sonfield v. Deluca, 385 So.2d 232 (La.1980).
Mrs. Anderson testified that her net worth in December, 1985 was $103,109. Her $2,350 monthly income statement shows she received $1,111 alimony, $750 interest from a $150,000 community property settlement promissory note, and $299 Social Security payments. She listed her expenses as $4,653. In June, 1984 her net worth was $139,297 and her $2,301 monthly *626 income included $1,111 alimony, and $1,050 interest from the note. She claimed $3,333 in monthly expenses. Mrs. Anderson's listing of comparative expenses shows her rent remained the same with estimated increases of $211 for food, $191 for dental bills, $300 in fixed obligations and $587 for CPA and attorney fees.
Obviously the trial judge considered the evidence insufficient to show that Mrs. Anderson's financial needs increased substantially and that she failed to prove a change of circumstances. We do not find that conclusion clearly wrong.
Mrs. Anderson alleges the trial court erred by not awarding attorney fees and costs because of Dr. Anderson's failure to cover her medical bills.
La.R.S. 9:305 specifies in part:
When the court renders judgment in an action to make past due alimony or child support executory ... except for good cause, the court shall award attorney fees and costs to the prevailing party.
The trial court is vested with discretion in awarding fees and costs under R.S. 9:305 when "good cause" is shown. Cheramie v. Cheramie, 429 So.2d 203 (La.App. 1st Cir.1983), writ denied 434 So.2d 1095 (La.1983).
Dr. Anderson maintained medical coverage on Mrs. Anderson from 1980 until 1985 when his insurer cancelled her coverage. Dr. and Mrs. Anderson assumed she was covered until her claims were denied. He was not formally notified of the cancellation until April, 1985.
Dr. Anderson intended to keep the insurance in effect, but could not because the insurer did not cover "retired employees". Termination of the coverage was not his fault. The trial court reasonably denied attorney fees and costs.
The trial court is vested with considerable discretion in domestic relations cases and we will not disturb its findings absent manifest error. Pearce v. Pearce, 348 So.2d 75 (La.1977). We find none.
The judgment is affirmed.
AFFIRMED.