513 So.2d 399 (1987)
Lucy D'Anzey ANDERSON
v.
Jack R. ANDERSON.
No. CA-7651.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1987.
*400 Terence L. Hauver, T.A., Lowe, Stein, Hoffman & Allweiss, New Orleans, for plaintiff-appellee, Lucy D'Anzey Anderson.
A.D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for defendant-appellant, Jack R. Anderson.
Before WARD, GARRISON and ARMSTRONG, JJ.
WARD, Judge.
A former husband has appealed two independent District Court judgments. The first judgment ordered him to reimburse his former wife for medical expenses she incurred after the divorce; the second judgment denied his exception of res judicata to her petition to rescind a community property settlement because of lesion by one-fourth.
Dr. Jack R. Anderson and Mrs. Lucy D'Anzey Anderson were divorced in 1980. The divorce judgment ordered Dr. Anderson to pay monthly alimony and to provide hospitalization insurance for Mrs. Anderson. The judgment also referred to a community property partition previously executed by the parties. As part of the partition, Mrs. Anderson received a promissory note from Dr. Anderson who was to make yearly principal payments and monthly interest payments on the note.
In February 1985, Mrs. Anderson was diagnosed as having cancer. Initially, she paid her medical bills, presumably anticipating reimbursement from the insurer selected by Dr. Anderson. Although Dr. Anderson had procured medical insurance, the insurer denied coverage for reasons not pertinent to this appeal.
As a result of the insurer's denial of coverage, Mrs. Anderson filed a Rule to Show Cause against Dr. Anderson in May 1985, seeking, among other things, a judgment ordering him to reimburse her for her initial medical expenditures and to pay future medical expenses. In July 1985, Judge Thomas A. Early, Jr., in summer session, heard a portion of the Rule and awarded a money judgment to Mrs. Anderson. That judgment was later vacated, however, and the issue was set to be heard in the Court's regular session.
In December 1985, Judge Bernette J. Johnson heard Mrs. Anderson's Rule and rendered judgment in her favor, ordering Dr. Anderson to pay all past, present and future medical expenses. This Court affirmed the judgment. Anderson v. Anderson, 504 So.2d 624 (La.App. 4th Cir.1987). The Louisiana Supreme Court denied Dr. Anderson's writ application, stating "Result correct." 508 So.2d 72 (La.1987).
After Judge Early's original ruling in Mrs. Anderson's favor, Dr. Anderson began to pay all of Mrs. Anderson's current medical expenses. In spite of Judge Johnson's judgment, Dr. Anderson did not pay the initial medical expenses, and in May 1986, Mrs. Anderson's attorney wrote a letter to Dr. Anderson's attorney requesting payment of all previous unreimbursed expenses, detailing the amounts owed. Dr. Anderson did not reimburse these expenditures as requested.
Consequently, Mrs. Anderson filed a Rule seeking reimbursement, requesting that Dr. Anderson be held in contempt for refusal to comply with Judge Johnson's judgment, and asking for attorney's fees. Judge Max N. Tobias, Jr., after hearing the Rule, ordered Dr. Anderson to pay $19,301.84 with legal interest to Mrs. Anderson, held him in contempt for his failure to pay a portion of the expenses and awarded Mrs. Anderson $250.00 in attorney's fees. This judgment is the first issue in this appeal.
Meanwhile, in October 1985, Mrs. Anderson filed a petition seeking to rescind the community property settlement because of lesion. One year later, Dr. Anderson urged an exception of res judicata. Judge Tobias denied the exception but *401 granted a suspensive appeal under La.C.C.P. art. 2083, which permits appeals from interlocutory judgments that may cause irreparable injury. Judge Tobias found:
By this Court's ruling not granting the exception, this Court has guaranteed that the parties will be engaged in extensive and expensive litigation. Such litigation appears to this Court to be irreparable in large measure and thus within the framework of C.C.P. art. 2083. The Court, in the interest of justice, has granted the appeal.
The ruling on the exception constitutes the second issue in this appeal.

THE JUDGMENT
Dr. Anderson appeals the judgment ordering him to pay $19,301.84 for medical expenses together with interest and attorney's fees, as well as the ruling holding him in contempt. Finding that Dr. Anderson's assignments of error are without merit, we affirm the judgment in all respects. Mrs. Anderson in her brief asks us to modify the judgment, but we hold that her requested modifications cannot be considered in this appeal.
Dr. Anderson first contests the judgment by arguing that the Trial Court erred in denying his exception of prematurity. He asserts that Mrs. Anderson's legal action seeking reimbursement is premature because she did not provide him with the bills for which she claims reimbursement. The Trial Judge characterized the argument as want of amicable demand which better describes the allegation. We find that the exception, regardless of its label, is without merit. Mrs. Anderson made amicable demand through her attorney in May 1986 and answered interrogatories regarding the expenses which were the subject of the Rule heard by Judge Tobias. Dr. Anderson did not reimburse these expenditures; thus, Mrs. Anderson's action was timely and appropriately instituted.
Dr. Anderson further challenges the money judgment, arguing that a $15,000 prepayment of his yearly principal payment on the promissory note for the community property partition should be credited to the amount he owes in reimbursement for medical expenses.[1] Although this April 1985 payment prepaid the 1986 installment, Dr. Anderson made his regular yearly payment in January 1986. The Trial Court rejected Dr. Anderson's argument and refused to give him a credit against his obligation arising from the judgment ordering him to pay medical expenses. We agree. The promissory note and the hospitalization insurance are distinct, separate elements of the settlement between the parties; the judgment ordering reimbursement for medical expenses is a substitute for the insurance element of the settlement.
The proffer of evidence regarding the prepayment shows that Dr. Anderson treated the loan obligation and medical reimbursement obligation as distinct duties. By the terms of the note he was permitted to prepay the annual principal installments and, by doing so, reduce his monthly interest payments. Dr. Anderson testified that his monthly interest payments had, in fact, been reduced by the prepayment. Moreover, Dr. Anderson testified that the prepayment check is inscribed "Loan prepayment due 1/15/86." This evidence convinces us that Dr. Anderson did not intend to reimburse Mrs. Anderson for her medical expenses incurred in the first five months of her illness and thus, the validity of a judgment ordering reimbursement is not altered by the fact that Dr. Anderson may be ahead of schedule on his note repayment.
Dr. Anderson also contests the amount of the award, claiming that Mrs. Anderson's responses to interrogatories which requested specific information about her medical expenses were incomprehensible. He claims that the true amount of the requested reimbursement is unknown and indeterminable. The record clearly indicates that the Trial Judge studied the responses to the interrogatories in light of *402 the testimony at the hearing. Because the Trial Judge carefully reviewed the written itemization and found Mrs. Anderson's testimony credible, we do not find the amount of the judgment manifestly erroneous.
The judgment in this appeal is also questioned by Mrs. Anderson's counsel who suggested in oral argument that this Court's prior decision, 504 So.2d 624, affirming Judge Johnson's judgment, is binding and res judicata on the issue of the exact amount owed to Mrs. Anderson in reimbursement. In that decision, this Court held that the judgment ordering Dr. Anderson to pay all past and future medical expenses included reimbursement claimed by Mrs. Anderson. Although the amount Mrs. Anderson claimed was noted in the opinion, 504 So.2d at 625, this Court did not hold that she was entitled to the exact amount claimed because that question had not yet been reached by the Trial Court. However, when Mrs. Anderson filed the Rule at issue, Judge Tobias reviewed the amount claimed in reimbursement determining that Mrs. Anderson proved with legal certainty only $19,301.84 out of the $21,180.69 that she claimed. Thus, this Court's previous decision was not a final judgment on the amount owed in reimbursement and, therefore, has no res judicata effect on our present review of Judge Tobias' determination on the amount proved due.
We also find no error in the Trial Judge's decisions to assess attorney's fees and to hold Dr. Anderson in contempt for his refusal to pay a portion of the total reimbursement owed. The contempt finding was not an abuse of the Trial Judge's discretion. Furthermore, there is no manifest error in the award of attorney's fees to Mrs. Anderson. See La.R.S. 9:305. Additionally, we consider the latter portion of the assignment of error abandoned as Dr. Anderson failed to brief the issue of the attorney's fee. Uniform Rules of the Courts of Appeal, Rule 2-12.4.
Mrs. Anderson has requested in her brief that this Court increase the attorney's fee award and amend the date from which the Trial Judge determined interest would run. An appellee is required to file an answer to an appeal when she wishes to have the judgment modified or revised. La.C.C.P. art. 2133. This rule applies to attorney's fees awarded by the lower court, Hilbun v. Hilbun, 498 So.2d 1127 (La.App. 3rd Cir.1986), and decisions regarding interest on the judgment, Coco v. Soniat, 144 So.2d 432 (La.App. 4th Cir.1962). Consequently, as Mrs. Anderson failed to file an answer or perfect an appeal, we are precluded from addressing the issues raised solely in her brief. Arrow Fence Co. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir.), writ denied, 468 So.2d 575 (La.1985).

RES JUDICATA EXCEPTION
The second part of Dr. Anderson's appeal arises from an action brought by Mrs. Anderson to rescind the parties' community property partition because of lesion. Dr. Anderson sought to have the action dismissed, asserting the exception of res judicata.
The 1980 divorce judgment provides in part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the community property acquired during the marriage has been partitioned by the parties.
The thrust of Dr. Anderson's argument is that the divorce judgment acts as a compromise of disputes, precluding an action to rescind the partition under Civil Code Article 1403.
But, after the partition, or the act operating the same effect, the action of rescission can no longer be admitted against a compromise made to put an end to disputes arising in consequence of the first act, although there should be no suit commenced on the subject.
Judge Tobias denied the exception and, because he saw potential for irreparable harm, he granted Dr. Anderson an appeal.
Dr. Anderson, in appealing the denial of an exception of res judicata, is appealing an interlocutory judgment that does not determine the merits of the case. La.C.C.P. art. 1841. To advance the well-settled policy in *403 Louisiana law prohibiting piecemeal appeals, an appeal may be taken only from an interlocutory judgment that may cause irreparable injury. La.C.C.P. art. 2083.
Although the Trial Judge determined that irreparable injury would occur were the case to proceed without an appellate decision on the res judicata exception, we hold that this determination, as well as the decision to grant the appeal, was erroneous. The denial of the res judicata exception is not appealable because we find no potential for irreparable injury. Merely requiring the parties to go to trial does not constitute irreparable harm. Updegraff v. Parish of St. Bernard, 433 So.2d 863 (La.App. 4th Cir.1983); Brian v. Target, Inc., 395 So.2d 372 (La.App. 1st Cir.1981). Moreover, proof that the interlocutory judgment will delay final disposition of the litigation or cause the parties to incur added expense is insufficient to show irreparable injury for purposes of apealability. Wallace v. Pan American Fire and Casualty Co., 386 So.2d 158 (La.App. 3rd Cir.1980); Green v. NOPSI, Inc., 194 So.2d 398 (La.App. 4th Cir.1967). If the rule were otherwise, many interlocutory judgments overruling exceptions would be appealable, and piecemeal trial and appeal would be common.
Thus, without the potential for irreparable injury, Dr. Anderson has no right to appeal the judgment in question. Although the parties have not questioned whether the appeal should have been granted, we may notice on our own motion, that Dr. Anderson has no right to appeal this judgment. La.C.C.P. art. 2162; Updegraff, supra. Accordingly, we dismiss this appeal and remand for a trial on the merits of Mrs. Anderson's petition to rescind the community property settlement.
In addition, as a practical matter, after trial the Trial Court, presented with complete testimony from the parties and witnesses as well as other evidence, may wish to reconsider its ruling if it is proved that a transaction or compromise has occurred. Should there be an appeal on this issue this Court will have a complete record upon which to decide the question of res judicata.
Accordingly, we affirm the Trial Court's judgment in all respects on Mrs. Anderson's Rule for reimbursement of her medical expenses. We dismiss Dr. Anderson's appeal of the denial of his res judicata exception because the judgment appealed from is a nonappealable interlocutory judgment. All costs of appeal to be paid by Dr. Anderson.
AFFIRMED IN PART AND REMANDED.
NOTES
[1] Dr. Anderson also assigns as error the Trial Judge's refusal to hear evidence concerning the loan prepayment. We have considered that evidence because it is relevant to Dr. Anderson's defense.