JjMAX N. TOBIAS, JR., Judge.
The appellant, Phyllis Depland, initiated a medical review panel alleging a malpractice claim against her family practitioner, Dr. Wanda Timpton, the appellee. Ms. Depland nominated to the medical review panel Dr. Dennis Casey, a board certified ear, nose, and throat specialist who has conducted a general practice. Dr. Timp-ton objected to the nomination, arguing that the Medical Malpractice Act required the panelists to be from the same class or specialty as the defendant, in this case, a family practitioner. Specifically, La. R.S. 40:1299.47(C)(3)(f)(v), part of the Medical Malpractice Act, states in pertinent part:
If there is only one party defendant which is not a hospital, community blood center, tissue bank, or ambulance service, all panelists except the attorney shall be from the same class and specialty of practice of healthcare provider as the defendant....
Dr. Timpton filed a motion to compel compliance with the Medical Malpractice Act. On 18 November 2002, the trial court granted the appellee’s motion and ordered Ms. Depland to nominate a family practitioner to the panel. An appeal was taken from the judgment on 2 December 2002.
Ii JURISDICTION OF THE COURT:
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment, which is not appealable absent a showing that it may cause irreparable injury. La. C.C.P. arts. 1841 and 2083. Bernard v. Allstate Insurance Company, 396 So.2d 548 (La.App. 3 Cir.1981).[1] *440 The test for determining whether an interlocutory judgment may cause irreparable injury is whether any error in the judgment may be corrected as a practical matter on appeal following the determination of the merits. Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4 Cir.1978).
In the instant case, the judgment of the trial court has not terminated the litigation or Ms. Deplands claim, and is therefore interlocutory. Additionally, Mr. Depland has made no allegation or showing of irreparable harm. We therefore conclude that the judgment is not appealable.
Additionally, we note that the trial court has not certified the judgment as final and appealable pursuant to La. C.C.P. art. 1915 B(l), which states:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains ah exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
|aThe judgment of the trial court is interlocutory, and no allegation or showing of irreparable injury is made., Nevertheless, exercising our general supervisory jurisdiction and the statutory authority granted to us by La. C.C.P. art. 2164, and in the interest of judicial economy, we convert Ms. Deplands appeal to an application for a supervisory writ of review and render hereinbelow a decision on the merits.

THE MERITS:

As noted and quoted above, La. R.S. 40:1299.47(C)(3)(fXv) requires that all medical review panelists (save the attorney chairman) “shall” be from the same class and specialty as the defendant healthcare provider. Dr. Timpton is a family practitioner. Dr. Casey, the physician nominated by Ms. Depland to the panel, is a board certified and practicing eye, nose, and throat specialist who has conducted a general practice. Thus, Dr. Timpton and Dr. Casey are not of the same class and specialty. Therefore, Dr. Casey cannot be a member of the medical review panel and the trial court did not err in disqualifying him and ordering Ms. Depland to name another to the medical review panel.[2] See La. R.S. 9:2794(A)(1); La. R.S. 40:1299.47(G); In re Calongne, 447 So.2d 1217 (La.App. 5 Cir.1984).

CONCLUSION:

For the foregoing reasons, we convert Ms. Deplands appeal to an application for a supervisory writ of review. We grant the supervisory writ, deny Ms. Depland relief, and remand this matter to the trial court for further Lproceedings.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; RELIEF DENIED; REMANDED.

. La. C.C.P. art. 1841 provides in part that: “A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.” *440 La. C.C.P. art.2083A states in part: "An appeal may be taken ... from an interlocutory judgment which may cause irreparable injury...."

. Nothing herein should be interpreted and prohibiting Ms. Depland from calling Dr. Casey as a witness at the trial of the merits of the case if the appellant complies with the law and appropriate pre-trial orders.