598 So.2d 1253 (1992)
ANESTHESIA EAST
v.
CIGNA INS. CO.
No. 91-CA-1865.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Paul A. Lea, Jr., New Orleans, for plaintiff-appellant.
Wayne J. Fontana, Scott P. Shea, Courtenay, Forstall, Guilbault, Hunter & Fontana, New Orleans, for defendant-appellee.
Before KLEES, BYRNES and JONES, JJ.
BYRNES, Judge.
Anesthesia East appeals from the decision of the Office of Workers' Compensation denying its claim for an additional $349.50 for performance of services for Maxie Joseph,[1] an employee covered by CIGNA Insurance Company (CIGNA). We affirm.
On August 3, 1990 Maxie Joseph sustained a fracture of the femur in a work related accident. Ms. Joseph was employed by Avalon-Bazaar who was insured under a workers' compensation policy issued by CIGNA. Ms. Joseph was brought to Methodist Memorial Hospital. Prior to surgery, she was anesthetized on August 7, *1254 1990. Anesthesia East, who performed that service, sent a bill to CIGNA for $1,277.50. CIGNA contended that Anesthesia East had at least twenty-four hours in which to attain CIGNA's consent as the payor. Since consent was not attained, CIGNA paid only the portion of the bill that it felt was a reasonable charge for that type of service, $928.00. Anesthesia East filed a claim with the Office of Workers' Compensation to recover the additional $349.50. On April 26, 1991 the trial judge ruled in favor of CIGNA. From that finding, Anesthesia East appeals.
Anesthesia East contends that the trial judge committed manifest error in finding that Anesthesia East had at least twenty-four hours advance notice in which it could have sought the consent from CIGNA to cover the cost submitted by Anesthesia East for the services rendered during the operation upon Ms. Joseph. The trial judge cited L.S.A.-R.S. 23:1142(B) which states:
Except as provided herein, each health care provider may not incur more than $750.00 in non emergency diagnostic testing or treatment without the mutual consent of the payor and the employee. Except as provided for herein, that portion of the fee for non-emergency services of each health care provider in excess of $750.00 shall not be an enforceable obligation against the employee or the employer or the employer's workman's compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.
Subdivision (C) of that statute continues:
Emergency care. (1) In no event shall prior consent be required for an emergency procedure or treatment deemed immediately necessary by the treating health care provider. Any health care provider who authorizes or orders emergency diagnostic testing or treatment, when said diagnostic testing treatment or testing is held not to be of an emergency nature, shall be responsible for all the charges incurred in such diagnostic testing or treatment. Said health care provider shall bear the burden of proving the emergency nature of the diagnostic testing or treatment.
The surgery performed on Ms. Joseph was administered four days after her arrival at the hospital on August 3, 1990. Anesthesia East contends that it did not have notice of the necessity for surgery until the morning of August 7, 1990. On April 19, 1991 at the hearing Ms. Remedies of Anesthesia East testified that Methodist Hospital represented to Anesthesia East that it had received the necessary verification from Ms. Joseph's employer but that actually Methodist had only attained the employer's consent and the name of the workers' compensation insurer. CIGNA was not contacted by Methodist. While Anesthesia East relied on Methodist, the statute requires that CIGNA be notified as to the treatment and charges for it to be responsible for compensation over $750.00. Anesthesia East also argues that either the operation was of an emergency nature, or that the administering of the anesthetic was of an emergency nature due to a lack of notice of the operation from Methodist Hospital. However, we can not agree with Anesthesia East absent a showing that the trial judge committed manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). The trial judge heard these arguments at the hearing, and found that Anesthesia East had twenty-four hour notice prior to the operation based on the provided testimony and records of Anesthesia East and Methodist Hospital. The surgery record admitted into evidence does not show whether the case was an emergency or when it was scheduled. Plaintiff failed to provide evidence which contradicts the trial court's findings. Thus, the trial court's decision can not be disturbed. Therefore CIGNA was not responsible for any amount over $750.00. However, CIGNA paid $928.00 based on the AccuMed analysis of the reasonable and customary charges for that type of treatment.
For the foregoing reasons, we affirm the trial court decision denying the recovery of the additional $349.50.
AFFIRMED
NOTES
[1] Petitioner, Anesthesia East, refers to the insured as "Joseph Maxie" whereas CIGNA refers to "Mr. Maxie Joseph". The Health Insurance Claim form lists the patient's name ["last name, first name, middle initial"] as "Joseph", "Maxie", with an "x" on the box designated as "female". At the hearing, when asked who was making the claim, Ms. Lisa Remedies replied, "Anesthesia East, a billing corporation and for the anesthesia provided at Methodist Hospital on a Mr. or Mrs. Maxie Joseph." We presume that the patient was a female.