| j LOBRANO, Judge.
Defendant, Bargain Center U.S.A., appeals from the decision of the Office of Worker’s Compensation ordering it to pay for medical treatment that its employee, Russell Berger-on, received from Dr. Ruary O’Connell and Chalmette Medical Center for a work related injury. Bargain Center was also ordered to pay attorney’s fees, interest and costs. We affirm.
In June, 1992, plaintiff, Russell Bergeron, was injured while in the course and scope of his employment as a warehouse clerk for Bargain Center. He was examined at Chal-mette Medical Center and was referred by a hospital physician to Dr. Ruary O’Connell who examined plaintiff, diagnosed a hernia and scheduled surgery. The hernia surgery *27 was performed on plaintiff by Dr. O’Connell on June 15, 1992.
Upon receipt of plaintiffs medical bills, Bargain Center’s worker’s compensation insurer, Guaranty Mutual Life Insurance Company, paid only $750.00 to Dr. O’Connell and to Chalmette Medical Center. Citing R.S. 23:1142[1], Guaranty Mutual refused to pay any of plaintiffs medical expenses in 12excess of that amount because it did not authorize the surgery. In fact, Guaranty Mutual did not even learn of the surgery until after it was performed.
Plaintiff filed a disputed claim for compensation with the Office of Worker’s Compensation after Bargain Center and Guaranty Mutual refused to pay the balance of his medical bills. In addition, plaintiff sought attorney’s fees, interest and costs from Bargain Center for its allegedly arbitrary and capricious refusal to pay his medical expenses. Chal-mette Medical Center and Dr. O’Connell also filed claims for payment of amounts owed to them for plaintiffs surgery. Bargain Center and Guaranty Mutual answered claiming that the medical treatment received by plaintiff was not authorized as required under R.S. 23:1142 and asked for a declaration that they do not owe any monies in excess of the $750.00 already paid.
I aThis matter was submitted on deposition testimony. The administrative judge held Bargain Center hable for the unpaid balance of plaintiffs medical bills from Dr. O’Connell and Chalmette Medical Center, however he dismissed all claims against Guaranty Mutual Life in excess of the $750.00 already paid to Dr. O’Connell and to Chalmette Medical Center. The judge also found that Bargain Center was arbitrary and capricious and ordered it to pay attorney’s fees, interest and costs. Bargain Center perfects this appeal.[2]
The disputed issue in this case is whether Dr. O’Connell and Chalmette Medical Center obtained the requisite authorization from Bargain Center before incurring in excess of seven hundred fifty ($750.00) dollars in medical expenses. It is conceded that there was no written authorization. However, the trial judge found sufficient evidence of verbal authorization. We agree with that finding.
Patricia Gaines, an admissions clerk at Chalmette Medical Center, testified that she called Dale Fontan at Bargain Center to get authorization for plaintiffs surgery after plaintiff told her that his treatment would be covered by worker’s compensation insurance. According to Gaines, Fontan told her that he was plaintiffs supervisor and that Bargain Center would be responsible for the payment of the expenses related to plaintiffs surgery. Gaines stated that Fontan told her to mail the bills directly to him. Gaines asked Fon-tan if she needed to speak to his company’s home office to get pre-certification for the surgery and he told her that she did not need *28 to speak to anyone but him because he would handle everything through his store branch.
^Elizabeth Detillier, Dr. O’Connell’s office manager, testified that she also called Bargain Center to verify that plaintiffs injury was one covered under worker’s compensation insurance. She spoke to Dale Fontan who told her he was the store manager and verified that plaintiff was injured while working and that treatment for this injury would be covered by worker’s compensation insurance. Detillier told Fontan that Dr. O’Con-nell thought that plaintiff needed surgery for his injury and Fontan gave her authorization for the surgery and promised that Bargain Center would pay for the costs of surgery. Fontan told her to mail the bills for the surgery to Bargain Center and send them to his attention. He did not indicate that she needed to get authority or certification from anyone else.
Dale Fontan, the Bargain Center store manager, testified that when plaintiff was injured at work, he told him to have his injury checked by a physician. Fontan stated that he received a telephone call the next day from an employee of Chalmette Medical Center who asked him if plaintiff was employed by Bargain Center and if he was injured in the course and scope of his employment. Fontan answered both questions affirmatively. Several days later, a hospital employee called Fontan and said that plaintiff needed hernia surgery. According to Fontan, his response was, “that should be covered under worker’s compensation, shouldn’t it?”, and the hospital employee allegedly said that it should be. Fontan claims that this was the extent of both of his conversations with the employees of the hospital and that he never received any calls from Dr. O’Connell’s office.
Fontan testified that he never gave authorization to anyone for plaintiffs surgery and that he never told plaintiff that his medical expenses would be paid by the employer or its insurer. Fontan claimed that his only other | scommunication with the hospital was after the surgery when a hospital employee called inquiring about payment of plaintiffs bill. Fontan stated that he had no previous experience handling a worker’s compensation claim but, neither his testimony nor that of any of the other witnesses indicated that he communicated this fact to either of the health care providers.
Based on the above testimony, we find no error in the trial court’s conclusion that Fon-tan “held himself out to have the authority from Bargain Center U.S.A. to authorize the treatment of claimant Russell Bergeron.” We also agree that there is no evidence that Fontan had authority to bind Guaranty Mutual.
Bargain Center argues, however, that our decision in Anesthesia East v. Cigna Insurance Co., 598 So.2d 1253 (La.App. 4th Cir.1992), in which a health care provider was denied recovery from a worker’s compensation insurer because of the provider’s failure to obtain the insurer’s consent is dis-positive of the instant case. It interprets Anesthesia East as requiring a health care provider to obtain approval of the insurer under R.S. 23:1142 before an employer can be held hable for medical fees. We disagree with that interpretation. Anesthesia East held that the approval of the worker’s compensation insurer was required under R.S. 23:1142 before the insurer could be held ha-ble for medical expenses in excess of $750.00. That case did not hold that the insurer’s authorization was needed in order for an employer to be held hable. In fact, the employer was not even a defendant in that case and the employer’s liability was not an issue.
R.S. 23:1142 requires a health care provider to obtain the permission of the employee and the payor for medical treatment of the employee. “Payor” is defined in R.S. 23:1142 as the entity responsible for the payment of an injured employee’s medical treatment. Dr. O’ConneU and Chalmette Medical Center each ^independently received authorization for plaintiff’s medical treatment from Dale Fontan, the branch manager of Bargain Center, who held himself out as having the authority to guarantee that Bargain Center would be the entity responsible for payment of plaintiffs medical expenses. Plaintiffs followed the statutory requirements and Bargain Center should have paid the bills.

*29
ATTORNEY FEES, PENALTIES AND COSTS:

Bargain Center argues that the trial court erred in finding it arbitrary and capricious in not paying plaintiffs medical bills. Basically it asserts that its interpretation of Anesthesia East presented a “close issue of law,” thus precluding any arbitrariness on its part. We disagree.
The clear wording of R.S. 23:1142 and the clear factual distinguishability of Anesthesia East support the trial court’s award of penalties, attorney fees and costs. Bargain Center’s reliance on Anesthesia East was not reasonable. Bargain Center knew that the medical expenses were being incurred, authorized them, but refused to pay. Irrespective of whether Bargain Center’s decision not to pay was intentional or negligence in failing to understand the legal ramification of Fontan’s actions, plaintiff and the health care providers should never have been required to file this suit to obtain payment.
However, we do not award additional attorney fees for this appeal since there was no answer to the appeal. Anderson v. Anderson, 513 So.2d 399 (La.App. 4th Cir.1987).
AFFIRMED.

. LSA-R.S. 23:1142 provides, in pertinent part:
A. Definitions. For purposes of this Section, the following terms shall have the following meanings unless the context clearly indicates otherwise:
(1) “Payor” shall mean the entity responsible, whether by law or contract, for the payment of the medical expenses incurred by a claimant as a result of a work related injury.
B. Nonemergency care. Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergency diagnostic testing or treatment without the mutual consent of the payor and the employee. Except as provided herein, that portion of the fees for nonemer-gency services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer's worker’s compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider ...
D. Fees and expenses. If the payor has not consented to the employee's request to incur more than a total of seven hundred fifty dollars for any and all nonemergency diagnostic testing or treatment when such consent is required by this Section, and it is determined by a court having jurisdiction that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee for reasonable attorney fees related to this dispute and for any medical expense so incurred by him for an aggravation of the employee's condition resulting from the withholding of such health care provider services.

. The judgment was in favor of Bergeron, Dr. O'Connell and Chalmette Medical Center. We simply refer to all three as "plaintiff”.